HON. THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAIR HOUSING CENTER OF WASHINGTON,<br>          Plaintiff,<br><br>v.<br><br>BREIR-SCHEETZ PROPERTIES, LLC, a Washington corporation; and FREDERICK BREIER-SCHEETZ, an individual,<br><br>          Defendants. | NO:  2:16-cv-00922 TSZ<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>NOTE ON MOTION CALENDAR:<br>**February 3, 2017** |

## INTRODUCTION

On June 6, 2016, Fair Housing Center of Washington (FHCW) filed a complaint that commenced the above-captioned lawsuit. ECF 1.  On June 17, 2016, the Court entered an Order Regarding Initial Disclosures, Joint Status Report and Early Settlement.  ECF 4.  Among other things, that order set as a deadline July 22, 2016 for the parties to exchange Initial Disclosures.  On July 22, 2016, FHCW served Defendants' counsel with FHCW's Initial Disclosures.  Those Initial

DEFENDANTS' RESPONSE
(2:16-cv-00922 TSZ)   - Page 1 of 18

GEORGE T. HUNTER ATTORNEY AT LAW
5900 48th Ave. South
Seattle, WA 98118
206.851.7700

Disclosures identify nine persons as potential witnesses.  The name Avery Mason Guest is not among the list of potential witnesses in FCHW's Initial Disclosures.  Hunter Dec. ¶ 2.  On July 8, 2016, the Court entered a minute order that, among other things, set February 1, 2017 as the deadline for Expert Witness Disclosure/Reports under FRCP 26(a)(2).  ECF 14.  On December 2, 2016, Defendants filed and served a Motion to Dismiss, noted for January 13, 2017.  ECF 16.  As of December 2, 2016, FHCW had neither identified Avery Mason Guest as an expert witness nor provided Defendants with a report signed by him.  Hunter Dec. ¶ 3.  On January 9, 2017, FHCW filed and served Plaintiff's Response in Opposition to Defendants' Motion to Dismiss and Counter Motion for Summary Judgment (Response and Counter Motion).  ECF 17.  In support of its Response and Counter Motion FHCW included the Declaration of Dr. Avery Mason Guest, an alleged testifying expert, along with three attachments to Dr. Guest's declaration.  ECF 20.  Despite the requirements of FRCP 26(a)(2), prior to January 9, 2017, FHCW had neither identified Dr. Guest as an expert witness nor provided Defendants with an expert report signed him.  Hunter Dec. ¶ 4.

By failing to disclose Dr. Guest as an expert witness and failing to provide Defendants with a copy of Dr. Guest's expert report prior to filing its Response and Counter Motion, FHCW has violated FRCP 26(a)(2) without demonstrating that the violation is harmless or substantially justified.  Consequently, pursuant to FRCP 37(c) Defendants ask that the Court strike Dr. Guest's declaration, with attachments, and all references to those documents in FHCW's response and counter motion and all other declarations filed in support of that Response and Counter motion.  Further, because FHCW's alleged *prima facie* case of disparate impact discrimination rests exclusively on statistical evidence in the form of Dr. Guest's declaration and attachments to that declaration, without that declaration and those attachments, FHCW cannot establish a *prima facie* case of disparate impact discrimination.

DEFENDANTS' RESPONSE
(2:16-cv-00922 TSZ)                      - Page 2 of 18

GEORGE T. HUNTER ATTORNEY AT LAW
5900 48th Ave. South
Seattle, WA 98118
206.851.7700

1  Consequently, Defendants submit that denial of FHCW's motion for summary judgment is
2  appropriate.

## ARGUMENT

Again, FHCW supports its Response and Counter Motion with a declaration from Dr. Guest, and attachments that accompany Dr. Guest's declaration.  At page 7, lines 24 - 26 of the Response and Counter Motion FHCW states," the FHCW submits expert testimony proving its claim with compelling statistical evidence developed using the methods Defendants claim are required."  ECF 17, at 7, l. 24-26.  At page 10, lines 15 -18, FHCW identifies Dr. Guest as the expert to which it referred at page 7 and articulates a basis for conferring the "expert" designation on Dr. Guest:

> A sociologist and demographer, Dr. Guest demonstrates through multiple statistical approaches using United States Census Bureau data for King County that the Defendants' occupancy restriction has a substantial adverse and disproportionate impact on households containing children.

ECF 17, at 10, l. 15-18.

Rule 26(a)(2)[1] governs disclosure testimony:

> (A) REQUIRED DISCLOSURES.
>
>> (2)  *Disclosure of Expert Testimony.*
>>
>>> (A)  *In General.*  In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705.
>>>
>>> (B)  *Witnesses Who Must Provide a Written Report.*  Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report -- prepared and signed by the witness -- if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.  The report must contain:

---

[1] All references to Rules in this response are to Rules found in the Federal Rules of Civil Procedure, unless indicated otherwise.

DEFENDANTS' RESPONSE
(2:16-cv-00922 TSZ)                           - Page 3 of 18

GEORGE T. HUNTER ATTORNEY AT LAW
5900 48th Ave. South
Seattle, WA 98118
206.851.7700

(i)  a complete statement of all the opinions the witness will express and the basis and reasons for them;

(ii)  the facts or data considered by the witness in forming them;

(iii)  any exhibits that will be used to summarize or support them;

(iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v)  a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

(vi)  a statement of the compensation to be paid for the study and testimony in the case.

Neither have the parties stipulated nor has the Court ordered that testifying experts need not disclose the report mandated by Rule 26(a)(2)(B):  The parties in the above-captioned lawsuit have not entered into a stipulation waiving the requirement that a testifying expert must provide the other party the written report specified in Rule 26(a)(2)(B).  Hunter Dec. ¶ 5.  Further, in its minute order entered on July 8, 2016, the Court set as a deadline for Expert Witness Disclosure/Reports under FRCP 26(a)(2).  The Notes of Advisory Committee on Rules -- 1993 Amendment explain, as to Rule 26(a):

> *Subdivision (a).*  Through the addition of paragraphs (1) through (4), this subdivision imposes on parties a duty to disclose without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or to make an informed decision about settlement. . . ..
>
> A major purpose of the revision is to accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information, and the rule should be applied in a manner to achieve those objectives. . . .
>
> *Paragraph (2).*  The paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony of other witnesses. . . ..

DEFENDANTS' RESPONSE  
(2:16-cv-00922 TSZ)                           - Page 4 of 18

GEORGE T. HUNTER ATTORNEY AT LAW  
5900 48th Ave. South  
Seattle, WA 98118  
206.851.7700

Consistent with the remarks above, Rule 26(b)(4)(A) explains the effect of the disclosure of a testifying expert and that expert's report:

> (4) *Trial Preparation: Experts*
>
> (A) *Deposition of an Expert Who May Testify.* A party may depose any person who has been identified as an expert witness whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

In *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862-63 (9th Cir. 2014), the Ninth Circuit explained the purpose of the requirements set forth in Rule 26:

> The theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, and not by surprise, and not by ambush. After disclosures of witnesses are made, a party can conduct discovery of what those witnesses would say on relevant issues, which in turn informs the party's judgment about which witnesses it may want to call at trial, either to controvert testimony or to put it in context. Orderly procedure requires timely disclosure so that trial efforts are enhanced and efficient, and that the trial process is improved. . . ..

Rule 26(a)(2) does not refer to the need for disclosure of a testifying expert, and the expert's report, prior to a party's relying on that report to establish liability in the context of a motion for summary judgment. Similarly, the remarks above from *Ollier* do not tie the purpose of disclosure under Rule 26(a)(2) to encouraging parties to refrain from utilizing surprise or springing an ambush on an opposing party by supporting a motion for summary judgment with a previously undisclosed report of a similarly undisclosed alleged expert. Rule 37(c)(1) makes clear, however, that the desire to prevent surprise and ambush extends to the summary judgment context:

> (c)(1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness ***or supply evidence on a motion***, at hearing, or at a trial, unless the failure was substantially justified or is harmless. . . ..  (emphasis supplied).

Notes of Advisory Committee on Rules -- 1993 Amendment eliminates any doubt as to whether the reference to "evidence on a motion" encompasses motions for summary judgment:

DEFENDANTS' RESPONSE  
(2:16-cv-00922 TSZ)           - Page 5 of 18

GEORGE T. HUNTER ATTORNEY AT LAW  
5900 48th Ave. South  
Seattle, WA 98118  
206.851.7700

> *Subdivision (c).* The revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision (a)(2)(A).
>
> Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1). This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56.

In *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444, 66 S. Ct. 242, 90 L. Ed. 185 (1946), the Supreme Court held that in "ascertaining [the meaning of the Federal Rules of Civil Procedure] the construction given them by the [Advisory] Committee is of weight."

In *Lohnes v. Level 3 Communs., Inc.*, 272 F.3d 49 (1st Cir. 2001), the defendant attempted to defeat the plaintiff's motion for summary judgment by using an affidavit of an alleged expert in the areas of "securities law and corporate finance." Prior to the filing of the response and the affidavit in question the defendant had disclosed neither the expert nor the required expert's report. The First Circuit explained the basis for its decision to affirm the trial court's implicit decision to strike the expert's affidavit:

> Disregarding the affidavit was amply justified in this instance. The Civil Rules mandate that, in the course of pretrial discovery, "a party shall disclose the identity of any person who may be used at trial to present [expert opinion evidence]." Fed. R. Civ. P. 26(a)(2)(A). Furthermore, a party retaining an expert must also submit to opposing counsel a detailed report covering, inter alia, the expert's qualifications, the gist of his opinion, and the sources of information underlying that opinion. *Id.* 26(a)(2)(B).

*Lohnes v. Level 3 Communs., Inc.*, 272 F.3d at 59. In *Lohnes* the defendant filed its opposition to the plaintiff's motion for summary judgment approximately three months after the discovery deadline had passed. *Id.* As the court's remarks above demonstrate, irrespective of the discovery deadline's having passed, that initial disclosure of an expert and his opinion in the form of an affidavit in support of a response to a motion for summary judgment violated Rule 26.

DEFENDANTS' RESPONSE
(2:16-cv-00922 TSZ)                     - Page 6 of 18

GEORGE T. HUNTER ATTORNEY AT LAW
5900 48th Ave. South
Seattle, WA 98118
206.851.7700

In *In re First Am. Home Buyers Prot. Corp. Class Action Litig.*, 313 F.R.D. 578, 614 (S.D. Cal. 2016), the court explained that the "case law is clear" that when a party discloses an expert and the expert's report by filing a declaration in support of or opposition to a motion, that party "opens up discovery on the statements, findings, and opinions" of the expert. In addition, the disclosure entitles the opposing party, consistent with the provisions of Rule 26(b)(4)(A), to take the deposition of the expert.

The typical case involving a challenge to an initial disclosure of an expert's report comes after the expiration of a court ordered deadline for disclosing experts and accompanying reports. For example, in *Yeti by Molly, Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001), the defendant had identified a damages expert prior to the deadline for doing so. Two and one-half years later, and one month before the scheduled start of trial in "a complex case," the defendant provided the plaintiffs with the expert's report. In affirming the trial court's decision to exclude the expert's testimony the Ninth Circuit looked to the two exceptions to the self-executing sanction of evidence preclusion set forth in Rule 37(c). Specifically, the sanction does not apply if the offending party can demonstrate that the violation of the disclosure rule was harmless or substantially justified. The court reasoned that the defendant had failed to prove either of those exceptions. In short, the court noted:

> To respond to [the expert's report], the plaintiffs would have had to depose [the expert] and prepare to question him at trial. *See NeutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 786 (7th Cir. 2000) ("Without even a preliminary or draft supplemental expert witness report from [the expert], NeutraSweet was greatly hampered in its ability to examine him about his analysis of the site work. In these circumstances, the use of the 'automatic' sanction of exclusion was not an abuse of discretion." (citations omitted)).

*Id.* at 1105-1107.

In *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052 (9th Cir. 2005), the Ninth Circuit affirmed a trial court's decision to exclude declarations from a plaintiff's experts submitted in response

DEFENDANTS' RESPONSE
(2:16-cv-00922 TSZ)                    - Page 7 of 18

GEORGE T. HUNTER ATTORNEY AT LAW
5900 48th Ave. South
Seattle, WA 98118
206.851.7700

1  to the defendant's motion for summary judgment.  The defendant filed the motion after the close of

2  discovery.  In support of the motion the defendant offered the declaration of an expert witness.  Prior

3  to the deadline for disclosing expert witnesses and expert reports the defendant had disclosed that

4  witness and his report.  Shortly after the defendant filed the motion for summary judgment along with

5  the supporting declaration of the expert, the plaintiff disclosed additional experts.  He did not,

6  however, provide reports from those experts until he filed his response to the defendant's motion for

7  summary judgment.  In an attempt to justify the untimely disclosure of the additional experts and their

8  reports, in the form of declarations accompanying his response to the motion for summary judgment,

9  the plaintiff argued that he had no notice that the defendant would contest his allegation that he was

10 disabled.  The Ninth Circuit noted, however, that well before the defendant filed the motion for

11 summary judgment, the plaintiff had notice that the defendant would challenge the allegation.

12 Consequently, in essence, the plaintiff could not demonstrate that the failure to disclose the experts'

13 reports until after the defendant filed the motion for summary judgment was substantially justified.  In

14 addition, the plaintiff argued that the late disclosure was harmless. Explaining the disruptive effect

15 that allowing the evidence of the experts' reports to come in close to trial would have on the trial

16 court's schedule, the Ninth Circuit ruled that the disruption would not be harmless.  *Id.* at 1060-1062.

17    Very few reported cases from across the country address the disposition of an effort to apply

18 Rule 26(a) to an expert's declaration submitted in support of or opposition to a motion for summary

19 judgment before the deadline for disclosing testifying experts and their reports has passed.  The

20 explanation for that circumstance could well derive from what we submit Rule 26(a)(2), as explained

21 in the Notes of the Advisory Committee, set forth above, clearly proscribes: the use of previously

22 undisclosed expert testimony in a Rule 56 motion.  In *Chappell by Savage v. Bradley*, 834 F. Supp.

23 1030 (N. D. Ill. 1993), the court did not hesitate to recognize a violation of Rule 26(a)(2) in the

DEFENDANTS' RESPONSE  
(2:16-cv-00922 TSZ)                - Page 8 of 18

GEORGE T. HUNTER ATTORNEY AT LAW  
5900 48th Ave. South  
Seattle, WA 98118  
206.851.7700

context of a motion for summary judgment.  The case, a class action lawsuit, included an effort by the defendant to preclude affidavits of two experts submitted by the plaintiff in support of its motion for summary judgment.  Although the case references unsuccessful efforts by the defendant to learn of the plaintiff's experts through discovery requests, there is no discussion as to whether the disclosure came after a deadline for disclosure had passed.  Regardless, in granting the defendant's motion to strike the declarations the court concluded: "Since the witnesses were not disclosed, the appropriate remedy is to strike the affidavits.  [citation omitted]."  *Id.* at 1033.

Similarly, *Puget Soundkeeper Alliance v. Tacoma Metals, Inc.*, No. C07-5227RJB, 2008 U.S. Dist. LEXIS 60741 (Aug. 5, 2008 W.D. Wash.), demonstrates that obviousness of a violation of Rule 26(a)(2) where a party attempts to use the declaration of a previously undisclosed expert in support of or opposition to a motion for summary judgment.  In that case, the plaintiff alleged that Tacoma Metals, Inc. (Tacoma Metals) had violated provisions of the Federal Water Pollution Control Act, 33 U.S.C. §§1251-1387.  Before the court were the plaintiff's motion for partial summary judgment and Tacoma Metals' motion for summary judgment.  Tacoma Metals submitted a declaration from David Johnson (Mr. Johnson) in support of its response to the plaintiff's motion for partial summary judgment.  Prior to the filing of both summary judgment motions, Tacoma Metals had disclosed Mr. Johnson, whom Tacoma Metals described as its Prevention Plan Consultant, as a potential witness.  After the disclosure the plaintiff took Mr. Johnson's deposition.  *Id.* at *2, *10, *12, *14.

The plaintiff moved to strike Mr. Johnson's declaration on the grounds that the declaration contained expert opinions and that Tacoma Metals had neither disclosed Mr. Johnson as an expert nor provided an expert report from him.  *Id.* at *10-*12.  Tellingly, the court stated:

> A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.  Fed. R. Civ. Pro. 26(a)(2)(A).  A witness qualified as an expert by knowledge, skill, experience,

DEFENDANTS' RESPONSE
(2:16-cv-00922 TSZ)                               - Page 9 of 18

GEORGE T. HUNTER ATTORNEY AT LAW
5900 48th Ave. South
Seattle, WA 98118
206.851.7700

1
2
      training, or education may testify thereto in the form of an opinion or otherwise. Fed. R. Evid. 702. Defendant essentially concedes that Mr. Johnson was not disclosed as an expert and, therefore, he may not testify as an expert. *See* Dkt. 39 at 1."

*Id.* at \*12. The court proceeded to address whether any portion of Mr. Johnson's declaration was appropriate for inclusion in support of the response to the plaintiff's motion for summary judgment. The court noted that (a) Tacoma Metals argued Mr. Johnson was offered as a lay witness, (b) Tacoma Metals had disclosed Mr. Johnson as a potential witness, and (c) the plaintiff conceded it had taken Mr. Johnson's deposition. Consequently, the court concluded:

      Therefore, Mr. Johnson may submit evidence as a lay witness. The Court will not consider any evidence that Mr. Johnson offers that is "within the scope of Rule 702."

*Id.* \*13-\*14. Absent from the court's decision is any indication that Tacoma Metals had submitted Mr. Johnson's declaration after the deadline for disclosing experts and expert reports. Further, because Tacoma Metals conceded that it had not disclosed Mr. Johnson as an expert and, as a result, could not submit his declaration as expert evidence, the court did not need to address whether either of Rule 37(c)'s exceptions to Rule 26(a)(2)(A)'s disclosure requirement applied. Thus, the case stands for the proposition that unless either or both of Rule 37(c)'s exceptions applies, a party may not submit a declaration of an expert in support or opposition to a motion for summary judgment unless that party has previously disclosed the expert and the expert's report. No reported Ninth Circuit case undermines that proposition.

      On the surface, *In re Mercedes-Benz Antitrust Litig.*, 225 F.R.D. 498, 501, 504 (D.N.J. 2005), might appear to conflict with the reasoning underlying the decision to preclude expert evidence submitted in support of opposition to a summary judgment motion in *Puget Soundkeeper Alliance v. Tacoma Metals, Inc.* In the former case, the plaintiff moved to strike the affidavit of an expert that the defendant submitted in support of the defendant's motion for summary judgment. The plaintiff argued

DEFENDANTS' RESPONSE  
(2:16-cv-00922 TSZ)      - Page 10 of 18

GEORGE T. HUNTER ATTORNEY AT LAW  
5900 48th Ave. South  
Seattle, WA 98118  
206.851.7700

that the defendant had neither disclosed the expert nor provided the expert's report prior to filing the motion for summary judgment. Consequently, Rule 26(a) precluded the expert's declaration. The defendant contended that it was under no duty to disclose the expert prior to the deadline that the court had established and that the deadline was approximately three months in the future. Further, according to the defendant, Rule 56 does not bar a party from submitting expert evidence in support of a motion for summary judgment irrespective of whether the party has disclosed the expert previous to submitting that evidence. In support of the argument the defendant cited *Moody Nat. Bank of Galveston v. GE Life and Annuity Assur. Co.*, 270 F. Supp.2d 875 (S.D. Tex. 2003).

In *Moody* the court declined to strike an expert's declaration submitted in support of a motion for summary judgment where the moving party had not disclosed the expert prior to filing the motion. As justification for declining to strike the declaration the court relied on the absence of a disclosure requirement in Rule 56 for the proposition that nothing prevents a party from submitting previously undisclosed expert evidence with a motion for summary judgment. *In re Mercedes-Benz Antitrust Litig.*, 225 F.R.D. at 501, 504.

In *In re Mercedes-Benz Antitrust Litig.* the court did not rely on *Moody* as a basis for deciding the plaintiff's motion to strike the expert's declaration. Regardless, the court arrived at the same decision to which the court in *Moody* came. The basis for the decision comprised two parts: First, Rule 56 does not require disclosure of an expert prior to filing a motion for summary judgment and the court's ordered deadline for disclosing experts had not arrived as of the date of the filing of the defendant's motion for summary judgment. Thus,

> because Rule 37(c)(1) specifically deals with expert disclosures under Rule 26(a) - disclosures of experts to be used at trial - and such disclosures in this case were not required until November, the Court finds itself in an odd situation. If the Court were to construe MBUSA's use of an expert affidavit as falling under Rule 26(a), then presumably defendants would not have had to disclose Romaine's identity until

DEFENDANTS' RESPONSE
(2:16-cv-00922 TSZ)                            - Page 11 of 18

GEORGE T. HUNTER ATTORNEY AT LAW
5900 48th Ave. South
Seattle, WA 98118
206.851.7700

>November 15, 2004.  Since that date was in the distant future when defendants' motion for partial summary judgment was filed, the Court cannot say that MBUSA failed to disclose expert testimony in accordance with Rule 26(a).

*Id.* at 505.

Second, the court reasoned:

>While Rule 26(a)(2) is limited to experts who may be used at trial, plaintiffs cite no legal authority to support the proposition that experts who are not going to be used at trial but are used to support a summary judgment motion must be disclosed under Rule 26(a)(1).  Because the rules do not support plaintiffs' argument, the Court finds that MBUSA was not required to disclose the identity of Romaine or the subject matter before filing.

*Id.*

Defendants submit that, for several reasons, the analysis from *In re Mercedes-Benz Antitrust Litig.*, set forth above, should have no bearing on their motion to strike Dr. Guest's declaration, with attachments, and all references to the contents of the declaration in FHCW's motion for summary judgment.  To begin, no reported Ninth Circuit case has utilized the analysis in *In re Mercedes-Benz Antitrust Litig.*  In fact, only two Ninth Circuit cases have cited *In re Mercedes-Benz Antitrust Litig.*  In *Sims v. Metro Life Ins. Co.*, No. C-05-02980 TEH (EDL), 2006 U.S. Dist. LEXIS 100677 (Dec. 27, 2006 N. D. Cal.), the defendant sought to take depositions of experts that the plaintiffs had not disclosed until submitting affidavits from those persons in support of opposition to the defendant's motion for summary judgment.  The plaintiffs argued that Rule 56 does not require disclosure of any affiants prior to submitting, in support of opposition to a motion for summary judgment, affidavits from those persons.  As support for the argument, the plaintiffs cited *In re Mercedes-Benz Antitrust Litig.* and *Moody National Bank of Galveston v. GE Life and Annuity Assur. Co..*  The court referred to those cases as "nonbinding legal authority" and, instead, reasoned as follows:

>"[A]ffidavits and depositions which support the motion [for summary judgment are a substitute for live testimony at trial." *Lugue v. Hercules, Inc.*, 12 F. Supp.2d 1351,

DEFENDANTS' RESPONSE
(2:16-cv-00922 TSZ)                    - Page 12 of 18

GEORGE T. HUNTER ATTORNEY AT LAW
5900 48th Ave. South
Seattle, WA 98118
206.851.7700

1358 (S.D. Ga. 1997).  Thus, either the expert is disclosed as a trial expert and may testify, or the expert is not disclosed, is a consulting expert, and does not testify.  *See Chappell* [*by Savage v. Bradley*],  834 F.Supp. at 1033 (striking non-disclosed expert affidavits offered in support of summary judgment).

*Sims v. Metro Life Ins. Co.*, 2006 U.S. Dist. LEXIS 100677 at *2, *7-*9.

More recently, in *Volterra Semiconductor Corp. v. Primarion, Inc.*, No. C08-05129 JCS, 2012 U. S. Dist. LEXIS 169009 at *12, *19 (Nov. 27, 2012 N.D. Cal.), the plaintiff sought to submit an amended expert's report beyond the deadline for disclosing experts and expert reports.  In opposing that effort  the defendant cited  *In re-Mercedes Benz Antitrust Litig.*, 225 F.R.D. at 507, for the proposition that the plaintiff "had 'countless opportunities to disclose the evidence it now seeks to produce and rely upon" and that its "consistent failure to do so . . . suggests willful decisions to avoid discovery on material evidence detrimental to [the plaintiff's] claims.'" That recitation of the defendant's argument contains the only reference to *In re Mercedes-Benz Antitrust Litig.* in the court's decision in *Volterra.*  Consequently, no court in the Ninth Circuit has either followed  *In re Mercedes-Benz Antitrust Litig.* or embraced that court's reasoning regarding declarations of previously undisclosed experts submitted in support of a motion for summary judgment.  Further, other than *Sims v. Metro Life Ins. Co.*, no reported Ninth Circuit case has cited *Moody National Bank of Galveston v. GE Life and Annuity Assur. Co.*

Finally, the court's decision in *In re Mercedes-Benz Antitrust Litig.* includes no reference to Notes of Advisory Committee on Rules -- 1993, referenced above.  Consequently, Defendants submit that neither *In re Mercedes Benz Antitrust Litig.* and its progeny nor *Moody National Bank of Galveston v. GE Life and Annuity Assur. Co.* and their progeny has any precedential value for ascertaining whether FHCW violated Rule 26(a)(2) by submitting Dr. Guest's declaration without disclosing him and his report before filing the motion for summary judgment.  Instead, for the reasons

DEFENDANTS' RESPONSE
(2:16-cv-00922 TSZ)                    - Page 13 of 18

GEORGE T. HUNTER ATTORNEY AT LAW
5900 48th Ave. South
Seattle, WA 98118
206.851.7700

set forth above, Defendants submit that unless FHCW can demonstrate that the violation is harmless or substantially justified, Rule 37(c)'s self-executing sanction of precluding the declaration, and concurrently, all references to the contents of that declaration in FHCW's motion is appropriate.

In *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010), the Ninth Circuit stated:

> Appellants correctly note that Rule 37(c)(1), as implemented through the 1993 amendments, was needed to foster stricter adherence to discovery requirements and to broaden the power of the district courts to sanction violations of Rule 26. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Rule 37(c)(1) recognizes two exceptions to the sanctions requirement attending a failure to disclose an expert and the required expert's report in violation of Rule 26(a):  where the violation is harmless or substantially justified.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001),  establishes that the burden of proving that the violation is harmless or substantially justified is on the party that committed the violation.  Four factors provide guidance for courts as to whether the party in violation has demonstrated harmlessness or substantial justification:

> (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in involved in not timely disclosing the evidence. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

*Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. Appx. at 713.

Defendants submit that FHCW cannot carry its burden of showing that its Rule 26(a) violation was either harmless or substantially justified.  For example, Rule 26(b)(4)(A) prohibited Defendants from taking the deposition of Dr. Guest until he disclosed his expert report.  Of course, he did not disclose an expert report.  Instead, FHCW submitted a declaration with his analysis in support of both FHCW's response to Defendants' motion to dismiss and its motion for summary judgment.  That circumstance prevented Defendants from retaining their own expert prior to FHCW's filing its

DEFENDANTS' RESPONSE
(2:16-cv-00922 TSZ)                                  - Page 14 of 18

GEORGE T. HUNTER ATTORNEY AT LAW
5900 48th Ave. South
Seattle, WA 98118
206.851.7700

response and counter motion.  As to surprise, FHCW's complaint relied on the Seattle Office of Civil Rights (SOCR) Findings of Fact and Determination and Offer to Conciliate with its finding of reasonable cause for a disparate impact violation as allegedly demonstrated by an analysis of data.  ECF 1, Ex. A. That Defendants at some point would retain an expert to perform an analysis that SOCR did not perform is not something that FHCW's complaint suggested.  Consequently, there is reason to conclude that submission of Dr. Guest's declaration with its analysis qualifies as an attempt at summary judgment by ambush.  As Defendants noted above, in *Ollier v. Sweetwater Union High Sch. Dist.* the Ninth Circuit explained that the rules on disclosure are designed to prevent such a circumstance from occurring.

A perusal of FHCW's counter motion reveals that FHCW relies exclusively on the analysis set forth in Dr. Guest's declaration to prove a prima facie case of disparate impact discrimination against Defendants.  Further, it is clear that were this lawsuit to proceed to trial, Dr. Guest would be the testifying expert upon which FHCW would depend to prove disparate impact discrimination.  At page 11, lines 1-2, of the Response and Counter Motion FHCW states: "Statistical evidence is admissible to establish a *prima facie* case of disparate impact under the Fair Housing Act.  *See Pfaff*, 88 F.3d at 746."  ECF 17 at 11, l. 1-2.  For the remainder of that page, the entirety of pages 12 through 14, and lines 1-8 at page 15 of the Response and Counter Motion FHCW develops the *prima facie* case of disparate impact discrimination through the exclusive use of Dr. Guest's declaration. ECF 17 at 12-14.  At page 12 FHCW states:

> The plaintiff's expert presented this approach in *Rhode Island Comm'n for Human Rights v. Graul*, 120 F. Supp. 3d 110, 129 (D.R.I. 2015), with and the court relied upon it to find the landlord's occupancy restriction had a disparate impact on families children.  Here, Dr. Guest too finds disparate impact using this approach:

DEFENDANTS' RESPONSE
(2:16-cv-00922 TSZ)                           - Page 15 of 18

GEORGE T. HUNTER ATTORNEY AT LAW
5900 48th Ave. South
Seattle, WA 98118
206.851.7700

ECF 17 at 12, l. 14-17. An examination of the Docket Report in the Rhode Island case reveals that the plaintiff submitted the expert's declaration with the analysis to which FHCW refers after the deadline for disclosing experts and expert reports. Hunter Dec. ¶ 6, Attachment A. In contrast to the circumstance before the Court in the above-captioned lawsuit, there is no suggestion in *Rhode Island Comm'n for Human Rights v. Graul*, 120 F. Supp. 3d 110 (D.R.I. 2015), that the plaintiff had failed to disclose the expert or the expert's report prior to filing the motion for summary judgment. FHCW concludes its development of the *prima facie* case by stating as follows:

> As a result of Dr. Guest's strong statistical findings of adverse disproportionality, the Fair Housing Center has established a prima facie disparate impact case that raises the presumption Defendants illegally discriminate because of familial status, in violation of the Fair Housing Act, the WLAD, and the Seattle Municipal Code.

ECF 17 at 15, l. 4-8. The sentence set forth above makes clear that other than Dr. Guest's declaration FHCW has produced no evidence in support of a *prima facie* case of disparate impact discrimination. Again, for the reasons set forth above, Defendants submit that preclusion of that declaration is appropriate. Denial of FHCW's motion necessarily follows that preclusion. That is, without Dr. Guest's declaration FHCW has not carried its burden of proving a *prima facie* case of disparate impact discrimination. Consequently, Defendants do not need to establish a business necessity justification for their facially neutral maximum occupancy policy. Importantly, Defendants do not concede that they cannot establish that defense.

Defendants recognize that the Court has discretion pursuant to Rule 37(c)(1)(C) to impose any of the sanctions set forth in Rule 37(b)(2)(A)(i)-(iv) instead of precluding the evidence offered by Dr. Guest. Defendants submit, however, the circumstances surrounding FHCW's failure to disclose Dr. Guest and his report prior to filing the Response and Counter Motion, make preclusion of Dr. Guest's evidence appropriate.

DEFENDANTS' RESPONSE
(2:16-cv-00922 TSZ)                - Page 16 of 18

GEORGE T. HUNTER ATTORNEY AT LAW
5900 48th Ave. South
Seattle, WA 98118
206.851.7700

Alternatively, Defendants submit that, at a minimum, FHCW's counter motion for summary judgment is premature: FHCW's failure to disclose Dr. Guest and his expert report prior filing the Response and Counter motion has prevented Defendants from conducting discovery regarding Dr. Guest's opinion, including taking his deposition, and from retaining one or more experts to aid in the defense of the claims against them.  Hunter Dec. ¶ 7.  Pursuant to Rule 56(d)(1) denial of FHCW's motion for summary judgment is appropriate under these circumstances.

## CONCLUSION

FHCW acknowledges that in order to prevail on its disparate impact discrimination claims it must establish a *prima facie* case.  FHCW purports to do so in its motion for summary judgment through exclusive reliance on evidence in the form of a statistical analysis set forth in the declaration of a testifying expert witness, Dr. Avery Mason Guest.  At no time prior to filing its Response and Counter Motion did FHCW disclose Dr. Guest or his expert report.  As Defendants explain above, the failure to do so constitutes a violation of the disclosure requirements of Rule 26(a).  FHCW has offered no explanation for its failure to disclose Dr. Guest or his expert report prior to filing the Response and Counter motion.  Further, as Defendants explain above, FHCW cannot demonstrate that the violation of Rule 26(a) is either harmless or substantially justified.  Consequently, Defendants ask that the Court (a) strike Dr. Guest's declaration and all references to the contents of that declaration in FHCW's Response and Counter Motion and (b) deny FHCW's motion for summary judgment.

Respectfully submitted this 30th day of January 2017.

    By: *George T. Hunter*
        George T. Hunter
        WSBA No. 14388
        5900 48th Ave. South
        Seattle, WA 98118
        Phone:  206.851.7700
        Email:  gthunter7700@gmail.com
        Attorney for Defendants

DEFENDANTS' RESPONSE
(2:16-cv-00922 TSZ)                                    - Page 17 of 18

GEORGE T. HUNTER ATTORNEY AT LAW
5900 48th Ave. South
Seattle, WA 98118
206.851.7700

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jesse Wing
WSBA No. 27751
701 Second Avenue, Suite 1500
Seattle, WA 98104
Phone:  206.622.1604
FAX:  206.343.3961
Email:  JesseW@MHB.com

Angela Galloway
WSBA No. 45330
701 Second Avenue, Suite 1500
Seattle, WA 98104
Phone:  206.622.1604
FAX:  206.343.3961
Email:  AngelaG@MHB.com

> By: s/*George T. Hunter*
> George T. Hunter
> WSBA No. 14388
> 5900 48th Ave. South
> Seattle, WA 98118
> Phone:  206.851.7700
> Email:  gthunter7700@gmail.com

DEFENDANTS' RESPONSE
(2:16-cv-00922 TSZ)                    - Page 18 of 18

GEORGE T. HUNTER ATTORNEY AT LAW
5900 48th Ave. South
Seattle, WA 98118
206.851.7700