UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAIR HOUSING CENTER OF WASHINGTON,<br><br>              Plaintiff,<br><br>   v.<br><br>BREIER-SCHEETZ PROPERTIES, LLC, a Washington corporation; and FREDERICK BRIER-SCHEETZ, an individual,<br><br>              Defendants. | C16-922-TSZ<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW |

This matter came before the Court on September 18, 2017 on a bench trial limited to the issue of damages. The Court, being fully advised, now enters its Findings of Fact and Conclusions of Law.

## I.    FINDINGS OF FACT

1. Plaintiff Fair Housing Center of Washington ("FHCW") is a non-profit fair housing organization incorporated under the laws of the State of Washington, located in Tacoma, Washington. FHCW's mission is to identify and eliminate discriminatory housing practices and to ensure equal housing is available to all people, without regard to race, religion, sex, national origin, disability, or familial status. FHCW provides various

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 1

programs and services designed to eliminate housing discrimination through counseling, education, advocacy, research, and enforcing fair housing laws.

2. In pursuit of its mission, FHCW provides fair housing testing services. Since 1995, the agency's pool of trained testers has conducted approximately 3,000 rental, sales, and mortgage lending tests in Western and Central Washington. During tests, trained individuals pose as prospective tenants or purchasers to gather information about whether a housing provider is complying with fair housing laws. A pair of testers typically conducts the test: one poses as a member of the protected class, the other represents the control group.

3. Defendant Breier-Scheetz Properties is incorporated in Washington and does business in the Western District of Washington. Breier-Scheetz Properties owns and manages multifamily residential properties, and owned and operated the Granada Apartments at 1736 Belmont Avenue in Seattle, Washington (the "Granada") at all times relevant to this litigation.

4. Defendant Frederick Breier-Scheetz is an owner of Defendant Breier-Scheetz Properties (collectively, "Defendants"), is a property manager at the Granada, and oversees all of Breier-Scheetz Properties' property managers.

5. The Granada is a 96-unit apartment building. It comprises 60 studio apartments that are at least 400 square feet, plus six larger studios. None of the studios has a designated parking space.

6.     Defendants allow only one person to rent the Granada's studio apartments. Defendant Frederick Breier-Scheetz developed this restriction over time since the late 1970s.

7.     At all times relevant to this litigation, Defendants controlled and directed the actions of their property managers and employees, including Gary and Joanne Huth, and managed and operated the Granada.

8.     In 2012 and 2013, FHCW performed pair fair housing tests during which Gary and Joanne Huth informed the testers that the Granada enforced a one-person-per-studio policy.

9.     FHCW filed a complaint dated March 4, 2014, against Defendants with the U.S. Department of Housing and Urban Development ("HUD"). The complaint alleged that the Defendants improperly denied housing or made housing unavailable based on familial status. Through a work-sharing agreement, the Seattle Office for Civil Rights (SOCR) investigated the complaint.

10.    This Court granted FHCW's motion for summary judgment on liability, docket no. 42, ruling: "Defendants' one-person-per studio occupancy restriction at the Granada has a disparate impact on families with children in violation of the Fair Housing Act, Washington Law Against Discrimination, and Seattle Municipal Code."

11.    FHCW charges $700 for fair housing tests. FHCW charges $700 for fair housing training sessions. Each quarter, FHCW's staff spend five hours, at $100 per hour, monitoring prospective tenant inquiries. Distributing print and video public service advertisements about fair housing and familial status protection in the Seattle area, via a

contractor called the Causeway Agency, costs a total of $4,535.  FHCW's staff spend five hours, at $125 per hour, reviewing and revising occupancy policies.  All of these costs are reasonable.

12. Defendant Frederick Breier-Scheetz has a law degree.  He testified during his March 2017 deposition that despite knowing the Fair Housing Act prohibits discrimination against families with children he feels free to restrict occupancy because "that's what I wish to do."

> Q: What is your understanding of what the law prohibits in terms of family status discrimination in housing?
>
> A: That you don't not rent to people because they are families, however that might be defined.
>
> …
>
> Q: So do you believe that a landlord may limit the number of people who rent an apartment however they wish without running afoul of the Fair Housing Act?
>
> A: Well, I think there are good reasons for doing what I do and, therefore, that's what I wish to do, however you want to slice it; that's what I do.

13. Mr. Breier-Scheetz has given three arbitrary reasons for his occupancy restriction: (1) "it is a simple policy and it keeps things simple"; (2) single persons stay longer; and (3) a single tenant produces less wear and tear on the apartments.

14. Defendants' occupancy restrictions resulted in a disparate, adverse impact on persons based on their familial status.

15. Through admitted Trial Exhibits and the testimony at trial, FHCW has established by a preponderance of the evidence that the FHCW has suffered $9,267 in

actual damages to date as set forth in Exhibit 6.  The Court finds that these damages are reasonable.

16. The Court finds it appropriate that FHCW invest significant resources to monitor Defendants' conduct and provide education and outreach.  The Court finds these measures necessary to stop Defendants' discriminatory practices and to counteract the effects of these practices in the community.

17. To ensure that Defendants are no longer discriminating against families with children and maintain ongoing compliance, the Court directs FHCW to complete the following remedial measures in connection with the Breier-Scheetz Properties:

| | | |
|---|---|---:|
| (1) | to conduct one three-hour fair housing training session annually for three years; | $2,100 |
| (2) | to conduct two random familial status tests annually for three years; | $4,200 |
| (3) | to monitor logs of prospective tenant inquiries on a quarterly basis for three years; | $6,000 |
| (4) | to conduct one public fair housing training session in Seattle, with focus on familial status; | $700 |
| (5) | to distribute public service advertisements about fair housing and familial status protections; | $4,535 |
| (6) | to prepare or review/modify Breier-Scheetz Properties' policies on fair housing. | $500 |
| | Total Costs | $18,035 |

The Court finds these costs also constitute damages and are reasonable and appropriate under all the circumstances.  The Court will require Defendants to cooperate in good faith with FHCW in carrying out these remedial measures.  Additionally, the

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 5

Court will enter judgment for additional damages of $18,035 to reimburse FHCW for the costs to complete these measures.

18. Defendant Frederick Breier-Scheetz testified during trial that the assessed values of his properties are as set forth in the county assessor's records contained in Exhibits 8–22 and have a value exceeding 100 million dollars.

## II. CONCLUSIONS OF LAW

1. It is unlawful under the Fair Housing Act for a housing provider to discriminate in the rental of a dwelling based on familial status. 42 U.S.C. § 3601, et seq. Section 3604(a) makes it unlawful for a housing provider to refuse to rent a dwelling or otherwise make unavailable or deny a dwelling to any person based on familial status. 42 U.S.C. § 3604(a). "Familial status" is defined to include one or more individuals under age 18 residing with a parent or another person having legal custody of such individual. 42 U.S.C. § 3602(k).

2. The Washington Law Against Discrimination prohibits discrimination based on familial status. RCW 49.60.222(1)(a). The Washington Law Against Discrimination provides for recovery of "actual damages" including past and future economic losses, together with the cost of suit including reasonable attorney's fees or any other appropriate remedy. RCW 49.60.303(2).

3. The Seattle Open Housing Ordinance (SMC 14.08) prohibits discrimination in real estate transactions based on parental status. SMC 14.08.020, 14.08.040(A)(1). The ordinance allows prevailing parties to collect actual damages and attorney's fees. SMC 14.08.095(F).

4. The Fair Housing Act provides for compensatory damages, punitive damages, and equitable relief. 42 U.S.C. § 3613(c)(1).

5. FHCW is entitled to recover actual damages of $27,302.

6. The Fair Housing Act authorizes awards of punitive damages. 42 U.S.C. § 3613(c)(1); *Jancik v. Dep't of Hous. and Urban Dev.*, 44 F.3d 553, 555 (7th Cir. 1995). In determining whether to impose punitive damages, the fact finder is to evaluate "the nature of the conduct in question, the wisdom of some form of pecuniary punishment, and the advisability of a deterrent" to future illegal conduct. *Gore v. Turner*, 563 F.2d 159, 164 (5th Cir. 1977). The conduct need not be outrageous to warrant punitive damages, nor driven by personal animosity or preference. *Fountila v. Carter*, 571 F.2d 487, 492 (9th Cir. 1978).

7. Courts properly award punitive damages when the defendant's conduct is "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

8. The fact-finder can infer reckless disregard from the circumstances. *See Wisler v. City of Fresno*, No. CV F 06-1694 AWI SMS, 2008 WL 2625865, at *13 (E.D. Cal. June 26, 2008) (noting that "a jury could infer malice or a reckless disregard for Wisler's rights").

9. The Court concludes that the evidence presented at trial supports an award of punitive damages against the Defendants. The Court believes their actions rise to the

1 level of recklessness or callous indifference to the fair housing rights of others, and that punitive damages are necessary to deter future conduct.

10. Defendants' size and financial condition are relevant to determining the size of the award needed to effectuate the purposes of punitive damages. *City of Newport v. Facts Concerts, Inc.*, 453 U.S. 247, 270 (1981).

11. Defendants' stated justifications for their occupancy restriction were insufficient. They maintained their illegitimate occupancy restriction excluding families with children after FHCW filed its complaint, after SOCR issued its findings of discrimination, after FHCW filed this lawsuit, and after FHCW's expert submitted an unchallenged expert declaration showing the adverse impact on families with children. On the basis of this evidence, the Court awards punitive damages against Defendant Breier-Scheetz Properties LLC's and Frederick Breier-Scheetz in the total amount of $100,000. The Court concludes that these punitive damages are "both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered." *State Farm Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003).

12. FHCW is entitled to Judgment for the actual damages to date and damages for remedial measures as outlined in Exhibit 7 for a total of $27,302. FHCW is entitled to the relief in Finding of Fact, ¶17 and injunctive relief permanently enjoining Defendant from enforcing any occupancy restriction which violates the Fair Housing Act, the Washington Law Against Discrimination RCW 49.60.222(1)(a), or the Seattle Municipal Code 22.206.020.

13. FHCW is also entitled to reasonable attorney's fees to be determined by the Court.

IT IS SO ORDERED.

Dated this 5th day of October, 2017.

_____
Thomas S. Zilly
United States District Judge