Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| FAIR HOUSING CENTER OF WASHINGTON, | No. 2:16-cv-00922-TSZ |
| Plaintiff, | PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS |
| v. | |
| BREIER-SCHEETZ PROPERTIES, LLC, a Washington corporation; and FREDERICK BREIER-SCHEETZ, an individual, | **Noted on Motion Calendar:** Friday, October 27, 2017 |
| Defendants. | |

As the prevailing party under the Fair Housing Act, 42 U.S.C. § 3613(c)(2), the Washington Law Against Discrimination (WLAD), RCW 49.60.030(2), and the Seattle Municipal Code, Dkt. 48 (*Fair Hous. Ctr. of Washington v. Breier-Scheetz Properties, LLC*, No. C16-922 TSZ, 2017 WL 2022462 (W.D. Wash., May 12, 2017)) and Dkt. 58 (2017 WL 4417223 (W.D. Wash., Oct. 5, 2017)), the Fair Housing Center of Washington (FHCW) respectfully moves for an order awarding it **$177,637.50** in attorney fees and **$7,916.01** in costs, to be paid by Defendants.

## I.      INTRODUCTION

"[T]he most critical factor" in determining the reasonableness of a fee award is "the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).

The Court's rulings in this case, finding the Defendants' occupancy restriction illegal, ordering real and meaningful remedial measures, and awarding substantial punitive damages,

1   will contribute greatly to the development of fair housing precedent in Western Washington.

2   They serve as important precedent advancing the fair housing rights of families with children and

3   educating landlords about their obligations to comply with fair housing laws. Granting

4   declaratory and injunctive relief, compensatory damages, and punitive damages halts

5   Defendants' ongoing illegal practices depriving families with children of housing, sends a strong

6   message to others who would (or are) doing the same, and remedies the harm done in effective

7   and practical manners.  These were the Fair Housing Center's goals for this case from the outset.

8                                    **II.      ARGUMENT**

9          The prevailing party in a civil rights suit is entitled to an award of reasonable attorney's

10  fees.  42 U.S.C. § 3613(c)(2); *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 479

11  (9th Cir. 1998) ("Under the Fair Housing Act, fees are awarded pursuant to 42 U.S.C. §

12  3613(c)(2).").  The body of attorney fee rulings in fair housing cases generally apply the

13  standards of 42 U.S.C. § 1988.  *See Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251

14  F.3d 814, 826 n. 15 (9th Cir. 2001) (holding it proper to rely on section 1988 opinions in

15  deciding attorney fees under the Fair Housing Act); *Macias v. Lange*, No. 14CV2763-

16  GPC(JMA), 2017 WL 2445516 (S.D. Cal. June 6, 2017); *Cmty. House, Inc. v. City of Boise,*

17  *Idaho*, No. 1:05-CV-00283-CWD, 2014 WL 1247758 (D. Idaho Mar. 25, 2014); *Valley Hous.*

18  *Ltd. P'ship v. City of Derby*, No. 3:06CV1319 TLM, 2012 WL 1077848 (D. Conn. Mar. 30,

19  2012).

20          Under civil rights statutes, the United States Supreme Court has recognized:

21          Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate
            important civil and constitutional rights that cannot be valued solely in monetary
22          terms....And, Congress has determined that "the public as a whole has an interest
            in the vindication of the rights conferred by the statutes enumerated in § 1988,
23          over and above the value of a civil rights remedy to a particular plaintiff...."

24
            "If the citizen does not have the resources, his day in court is denied him; the
25          congressional policy which he seeks to assert and vindicate goes unvindicated;
            and the entire Nation, not just the individual citizen, suffers."
26

27  *City of Riverside v. Rivera*, 477 U.S. 561, 574-75 (1986).

PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS - 2

No. 2:16-cv-00922-MAT

10017.04 ki218502.004

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

1    Likewise, under the Washington Law Against Discrimination, a prevailing Plaintiff is

2  entitled to recover its costs of the suit, including reasonable attorneys' fees. RCW 49.60.030(2);

3  *Blair v. Wash. State Univ.*, 108 Wn.2d 558, 570, 740 P.2d 1379 (1987). As the Washington

4  Supreme Court has noted, in bringing a discrimination action, a prevailing party acts as a

5  "private attorney general: by enforcing a public policy of substantial importance." *Allison v.*

6  *Seattle Housing Auth.*, 118 Wn.2d 79, 86, 821 P.2d 34 (1991).

7    Here, Plaintiff was successful in recovering all of its claimed compensatory damages,

8  together with $100,000 in punitive damages—a resounding success.  The declaratory and

9  injunctive relief that it secured are at least as important.  *Macias v. Lange*, No. 14CV2763-

10  GPC(JMA), 2017 WL 2445516, at *5 (S.D. Cal. June 6, 2017) ("In making this determination,

11  the Court must consider not only the amount of damages but the nonmonetary results Macias

12  achieved for herself and other members of society.") (citing *Morales v. City of San Rafael*, 96

13  F.3d 359, 365 n. 12 (9th Cir. 1996)). "Because damages awards do not reflect fully the public

14  benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases,

15  unlike most private law cases, to depend on obtaining substantial monetary relief." *Id.* at 575.

16    "Where a plaintiff has obtained excellent results, his attorney should recover a fully

17  compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).  The Fair Housing Center of

18  Washington prevailed and obtained excellent results, so the Court should award it reasonable

19  attorney's fees and costs.

20  **A.    FHCW is the prevailing party.**

21    There can be no question that Plaintiff is the prevailing party in this matter. Indeed, the

22  efforts by Plaintiff's counsel ultimately resulted in an excellent outcome on summary judgment

23  and at trial. Under *Hensley*, "[t]he most critical factor in determining the reasonableness of a fee

24  award is the degree of success obtained." 461 U.S. at 436 (internal quotation marks omitted).

25    The Fair Housing Center of Washington requested declaratory and injunctive relief, and

26  compensatory and punitive damages.  The Court has granted all of the forms of compensatory,

27  declaratory, and injunctive relief requested by the Plaintiff, and substantial punitive damages as

1    well. All of Plaintiff's legal work was directed at the same, successful legal claim and theory

2    brought under federal, state, and local law—so all of the time is compensable. Moreover,

3    Plaintiff was successful on every motion it filed, and successful in defending against Defendants'

4    motion to dismiss. These circumstances warrant the Court awarding Plaintiff's counsel their full

5    fees. *See, e.g., Fair Hous. of Marin v. Combs*, 285 F.3d 899, 907 (9th Cir. 2002) (affirming

6    award of attorney's fees and cost of $508,606.78 on award of compensatory damages of $24,377

7    and punitive damages of $74,400 under Fair Housing Act).

8    **B.    The Court Should Calculate Plaintiff's Award of Reasonable Fees According to the
         "Lodestar" Method.**

9

10   Under federal and Washington law, "In determining a reasonable attorney's fee, the

11   district court's first step is to calculate a 'lodestar' by multiplying the number of hours it finds the

12   prevailing party reasonably expended on the litigation by a reasonable hourly rate." *McGrath v.*

13   *Cty of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995); *Hensley*, 461 U.S. at 433; *Chuong Van Pham v.*

14   *City of Seattle, Seattle City Light*, 159 Wn.2d 527, 538, 151 P.3d 976 (2007) (quoting *Bower v.*

15   *Transamerica,* 100 Wn.2d 581, 597, 675 P.2d 193 (1983) ("To calculate a lodestar amount, a court

16   multiplies the number of hours reasonably expended by the reasonable hourly rate.").

17   There is a "strong presumption" that the lodestar amount constitutes a reasonable fee.

18   *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).  After determining the lodestar, the Court

19   assesses whether it is necessary to adjust that presumptively reasonable amount. *Kerr v. Screen*

20   *Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[1]

21

22   _____

[1] Factors to be considered are (1) the time and labor required, (2) the novelty and difficulty of the
23   questions, (3) the skill required to perform the legal services properly, (4) the preclusion of other
     employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether
24   the fee is fixed or contingent, (7) time limitations imposed by the client under the circumstances,
     (8) the amount involved and the results obtained, (9) experience, reputation, and ability of the
25   attorney, (10) the undesirability of the case, (11) the nature and length of the professional
     relationship with the client, (12) awards in similar cases, and (13) the complexity and importance
26   of the case in its posture on appeal. *Id.*  The Ninth Circuit cited nearly all these same factors as
     relevant to assessing reasonable attorney fees in fair housing cases. *See Fountila v. Carter*, 571
27   F.2d 487, 496 (9th Cir. 1978).

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

1        At the outset, the Fair Housing Center requests a straight "lodestar" fee: the product of

2  the number of attorney hours reasonably expended in the litigation multiplied by the attorney's

3  reasonable rate of hourly compensation. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111

4  (9th Cir. 2008).  The lodestar calculation also includes the number of hours reasonably spent by

5  paralegals and investigators. *See Missouri v. Jenkins*, 491 U.S. 274, 277 (1989).

6        Under the lodestar method, "a district court must start by determining how many hours

7  were reasonably expended on the litigation, and then multiply those hours by the prevailing

8  local rate for an attorney of the skill required to perform the litigation." *Moreno*, 534 F.3d at

9  1111.  The number of hours to be compensated is calculated by considering whether the time

10  could reasonably have been billed to a private client. *Id.* (citing *Hensley*, 461 U.S. at 434).  As a

11  general rule, "the court should defer to the winning lawyer's professional judgment as to how

12  much time he was required to spend on the case." *Id.* at 1112.  This principle applies with

13  particular force where, as here, plaintiff's attorneys are employed on a contingency basis.  *See id.*

14  ("[L]awyers are not likely to spend unnecessary time on contingency fee cases in the hope of

15  inflating their fees. The payoff is too uncertain, as is both the result and the amount of the fee.").

16
17
18
> As nearly as possible, market standards should prevail for that is the best way of ensuring that competent counsel will be available to all persons with bona fide civil rights claims. This means that judges awarding attorneys fees must make certain that attorneys are paid at the full value that their efforts would receive on the open market in non-civil rights cases.

19  *Hensley*, 461 U.S. at 447.

20  **C.**    **The Hourly Rates of Plaintiffs' Counsel and Staff are Reasonable.**

21        "[A] critical inquiry in determining a reasonable attorneys' fee for purposes of § 1988 is

22  the reasonable hourly rate...." *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 -1263 (9th

23  Cir. 1987) (internal cites omitted).

24        The United States Supreme Court has instructed:

25
26
27
> As nearly as possible, market standards should prevail for that is the best way of ensuring that competent counsel will be available to all persons with bona fide civil rights claims. This means that judges awarding attorneys fees must make

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

certain that attorneys are paid at the full value that their efforts would receive on the open market in non-civil rights cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 447 (1983).

"The hourly rate for successful civil rights attorneys is to be calculated by considering certain factors, including the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases." *Moreno*, 534 F.3d at 1114. The Ninth Circuit has held that:

> The prevailing market rate in the community is indicative of a reasonable hourly rate.... The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.

*Jordan*, 815 F.2d at 1262.

Here, in support of Plaintiff's motion, Plaintiff submits the Declaration of Jesse Wing setting forth the skill, experience, rates, number of hours and work performed, case complexity, and need for the time expended. Specifically, the FHCW seeks fees at the following hourly rates: Jesse Wing, attorney ($500), Angela Galloway ($325), and Sam Kramer ($275). As explained in the Declaration of Jesse Wing, clients have been paying MacDonald Hoague & Bayless these hourly rates for litigation work performed by Wing, Galloway, and Kramer and arbitrators and courts have awarded these rates to Wing and Kramer.

Moreover, Plaintiff submits the declarations of experienced civil rights trial attorneys in the legal market, Victoria Vreeland, Michael Subit, and Daniel Johnson, attesting that these rates are reasonable (even low) for the experience, skill, and qualifications of Wing, Galloway, and Kramer in the Seattle legal marketplace.

**D.    Plaintiff's Counsel Expended a Reasonable Number of Hours.**

The time that the FHCW requests was reasonably necessary to achieve victory. In computing the lodestar amount, Plaintiff's counsel carefully exercised billing judgment reducing their fees where time arguably could have been more efficiently spent, and remove even quite productive hours billed by other timekeepers to simply this petition. Wing Dec. ¶27. As a result,

PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS - 6

No. 2:16-cv-00922-MAT

10017.04 ki218502.004

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

1    the attorney fees sought by MacDonald Hoague & Bayless is a conservative loadstar.

2        FHCW has filed ample documentation in support of the work performed by its attorneys

3    and paralegals as described above in this Motion.  A summary of the total hours worked,

4    timekeeper rates, and total fees are set forth in the Declaration of Jesse Wing, ¶ 23.  *See*

5    *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).  The contemporaneously

6    created time records submitted as **Exhibit 1** to Wing Declaration, detail the tasks performed by

7    each attorney.  Plaintiff seeks payment of **$132,410** in total fees *prior* to preparing this motion.

8    **E.    Attorney Fees Incurred in Preparing this Motion and Supporting Declaration**
9    **       Should be Awarded.**

10       Plaintiff is entitled to fees incurred to bring this motion. It is well established that the

11   time spent preparing a successful fee application is compensable.  *Clark v. City of Los Angeles*,

12   803 F.2d 987, 992 (9th Cir. 1986); *Steele v. Lundgren*, 96 Wn. App. 773, 781–82, 982 P.2d 619

13   (1999).  As with fees for the underlying litigation, of a fee award for a fee petition is calculated

14   using the lodestar method.  *Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 982 (9th Cir. 2008).

15       It was necessary for Plaintiff's counsel to prepare this motion and the declaration of Jesse

16   Wing in support, and well as to secure the supporting declarations supporting the rates of

17   Plaintiff's counsel from attorneys Vreeland, Subit, and Johnson.  For the legal work incurred in

18   preparing this motion and accompanying declaration in support of attorney fees and costs,

19   Plaintiff seeks compensation of **$9,700**, in addition to the $132,410 for a total of **$142,110**.

20   **F.    Multiplier to the Lodestar**.

21       Under the Washington Law Against Discrimination, "Adjustments to the lodestar are

22   considered under two broad categories: the contingent nature of success, and the quality of work

23   performed." *Chuong Van Pham v. City of Seattle, Seattle City Light*, 159 Wn.2d 527, 541, 151

24   P.3d 976, 982–83 (2007) (quoting *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597,

25   675 P.2d 193 (1983)); *see, also, Broyles v. Thurston Cty.*, 147 Wn. App. 409, 452–53, 195 P.3d

26   985, 1007 (2008) (upholding 1.5 multiplier where the representation significantly impacted the

27   ability of attorneys to work on other matters, constituted a significant risk firm if it did not

PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS - 7

No. 2:16-cv-00922-MAT

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

1  recover its contingent fees, and case was unique and complex requiring a high degree of skill and

2  preparation); *Carlson v. Lake Chelan Cmty. Hosp.*, 116 Wn. App. 718, 743, 75 P.3d 533, 546

3  (2003) (upholding award of a 1.5 multiplier for risk in wrongful termination case); *Perry v.*

4  *Costco Wholesale, Inc.*, 123 Wn. App. 783, 808, 98 P.3d 1264, 1276 (2004) (reversing decision

5  not to award a 1.25 multiplier and remanding).

6      Plaintiff seeks a 25% adjustment to the lodestar amount of **$142,110** based on the

7  contingent nature of its success.  From the outset, Defendants have refused to change their illegal

8  policy or to engage in any settlement discussions, necessitating that Plaintiff's counsel expend

9  significant time and the resources to hire a statistical expert and prosecute this matter through

10  trial.  The expert billed 80 hours evaluating the data, conferring with counsel, and preparing his

11  declaration—illustrating the amount of time it took to develop this case and the associated risk in

12  taking the case.  Further, given the Defendants' unwillingness to change its policy even after the

13  Court held it was illegal months ago, Plaintiff's counsel may well not receive any payment until

14  after an appeal. Plaintiff's underlying lodestar does not factor in the contingent nature of this

15  case, which supports a multiplier.

16      Additionally, Plaintiff's counsel's efforts have led to a fully successful outcome

17  advancing the public interest—making numerous apartments on Capitol Hill available for rental

18  to families with children, educating the public on fair housing rights, deterring future violations

19  by these Defendants and other landlords in Western Washington, and through this Court's

20  rulings establishing important precedent on occupancy restrictions and punitive damages for

21  housing discrimination claims here.  These facts likewise warrant a 25% upward adjustment,

22  which equals **$177,637.5** ($142,110 x 1.25%).

23  **G.     The Court Should Award Plaintiff Recovery of its Litigation Costs.**

24      Under 42 U.S.C. § 3613(c)(2), Plaintiff is entitled to all reasonable out-of-pocket costs

25  incurred, *Harris v. Marhoefer*, 24 F.3d 16, 20 (9th Cir. 1994), and to recover its costs under

26  FRCP 54(d)(1).  Likewise, "RCW 49.60.030(2) provides that persons who prevail in civil rights

27  actions may recover damages, together with the cost of suit including reasonable attorneys' fees

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1    or any other appropriate remedy." *Steele v. Lundgren*, 96 Wn. App. at 786.  In Washington, "the

2    Legislature has expressly authorized recovery of actual costs of the litigation, including expert

3    witness fees, facsimile and copying expenses, cost of depositions, and other out-of-pocket

4    expenses." *Hume v. Am. Disposal Co.*, 124 Wn.2d 656, 674, 880 P.2d 988, 997 (1994) (citing

5    RCW 49.60.030(2); *Xieng v. Peoples Nat'l Bank*, 120 W.2d 512, 525–30, 844 P.2d 389 (1993);

6    *Blair v. Washington State Univ.*, 108 Wn.2d 558, 740 P.2d 1379 (1987)).

7           In the Ninth Circuit, under civil rights statutes like the Fair Housing Act the prevailing

8    plaintiff can recover "reasonable out-of-pocket litigation expenses that would normally be

9    charged to a fee paying client, even if the court cannot tax these expenses as 'costs' under 28

10   U.S.C. § 1920." *Trustees v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006) (under 42

11   U.S.C. § 1988); *see Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 826

12   n. 15 (9th Cir. 2001) (holding it proper to rely on section 1988 opinions in deciding attorney fees

13   under the Fair Housing Act); *Macias v. Lange*, No. 14CV2763-GPC(JMA), 2017 WL 2445516

14   (S.D. Cal. June 6, 2017) (awarding expanded costs; *Cmty. House, Inc. v. City of Boise, Idaho*,

15   No. 1:05-CV-00283-CWD, 2014 WL 1247758 (D. Idaho Mar. 25, 2014) (same); *Valley Hous.*

16   *Ltd. P'ship v. City of Derby*, No. 3:06CV1319 TLM, 2012 WL 1077848 (D. Conn. Mar. 30,

17   2012) (same).

18          Reasonable out-of-pocket litigation expenses include the costs of postage, copying,

19   meals, messenger service, and defense experts' fees at depositions. *Harris v. Marhoefer*, 24 F.3d

20   16, 19-20 (9th Cir. 1994). They also include such expenses as fees paid to private investigators,

21   *Deocampo v. Potts*, 2014 WL 788429, at *13 (E.D. Cal., Feb 25, 2014), and jury and trial

22   consultants, *Carter v. Chicago Police Officers*, 1996 WL 446756, at *4 (N.D. Ill. Aug. 1, 1996).

23          Like its federal counterparts, the Washington Law Against Discrimination allows "more

24   liberal recovery of costs by the prevailing party in civil rights litigation, in order to further the

25   policies underlying these civil rights statutes: to make it financially feasible to litigate civil rights

26   violations, to enable vigorous enforcement of modern civil rights legislation . . . to compensate

27   fully attorneys whose service has benefited the public interest, and to encourage them to accept

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1   these cases where the litigants are often poor[.]" *Blair v. Wash. State Univ.*, 108 Wn.2d at 573

2   (citations omitted). Recoverable costs under the WLAD include many items that are not

3   recoverable in other types of litigation. *See id.* at 574 (citations omitted).

4       In this case, as identified in *Hume* (see above), Plaintiff is entitled to recover all of its

5   out-of-pocket expenses, including for depositions, photocopying, and expert witnesses.  All costs

6   sought, totaling **$7,916.01**, are reasonable and customarily charged to and paid by hourly clients

7   and are explained in Wing Dec. ¶ 24 thereto.

8                 **III.**    **CONCLUSION**

9       For the foregoing reasons, the Court should enter a judgment awarding Plaintiff attorneys

10   fees in the amount of **$177,637.5** in attorney fees (which includes the 1.25% multiplier) and

11   **$7,916.01** in costs, for a total of **$185,553.51**.

12

13       DATED this 9th day of October, 2017.

14                     MacDONALD HOAGUE & BAYLESS

15

16             By: _____

17                    Jesse Wing, WSBA #27751
                      JesseW@MHB.com

18                    Angela Galloway, #45330
                      AngelaG@MHB.com

19                    *Attorneys for Plaintiff*

20

21

22

23

24

25

26

27

**MacDONALD HOAGUE & BAYLESS**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

CERTIFICATE OF SERVICE

I certify that on the date noted below I electronically filed this document entitled

PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS with the Clerk of the Court

using the CM/ECF system which will send notification of such filing to the following persons:

Counsel for Defendants

George T. Hunter, WSBA # 14388
5900 48th Ave S
Seattle, WA 98118
Telephone: 206-851-7700
Email: gthunter7700@gmail.com

DATED this 9th day of October, 2017, at Seattle, Washington.

Esmeralda Valenzuela, Legal Assistant

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961