Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

FAIR HOUSING CENTER OF
WASHINGTON,

                Plaintiff,

             v.

BREIER-SCHEETZ PROPERTIES, LLC, a
Washington corporation; and FREDERICK
BREIER-SCHEETZ, an individual,

                Defendants.

No. 2:16-cv-00922-TSZ

DECLARATION OF JESSE WING IN
SUPPORT OF PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES AND COSTS

I, Jesse Wing, declare as follows:

      I am one of the attorneys for Plaintiff Fair Housing Center of Washington.  I am over the age of 18, and am competent to testify.

      **A.**      **Qualifications, Experience, and Rates of Plaintiff's Counsel**

      1.      **Jesse Wing**.  I have been licensed to practice law since my admission to the Wisconsin Bar in 1991—twenty-six years ago.  I was admitted to the Illinois Bar in 1993 and the Washington Bar in 1998.

      2.      I am a graduate of Oberlin College (B.A. 1987) and the University of Wisconsin-Madison School of Law (J.D. 1991).

      3.      From 1991 through 1992, I was employed as a judicial law clerk by the United States District Court for the District of Maine in Portland, Maine.  In 1993, I began practicing as a civil rights attorney in Chicago, Illinois at Kinoy, Taren, Geraghty & Potter, specializing in fair

DECLARATION OF JESSE WING IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS - 1

No. 2:16-cv-00922-MAT
10017.04 ki218503.003

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1  housing, employment discrimination, and civil rights law.  Continuing my practice in these areas,

2  in 1998 I moved to Seattle and opened West & Wing, a law practice where I was a partner.  I I

3  joined MacDonald Hoague & Bayless in 2001.

4      4.      I have been counsel of record on behalf of numerous individual and

5  organizational clients in fair housing, employment, First Amendment, public accommodation,

6  civil rights, and other types of cases before the superior and appellate courts of Washington; the

7  state courts of Illinois and Wisconsin; the U.S. District Courts for the Western and Eastern

8  Districts of Washington, the District of Oregon, the District of Montana, the Northern District of

9  Illinois; the Ninth and Seventh U.S. Circuit Courts of Appeals; and the U.S. Supreme Court.

10     5.      I have also been and currently am counsel in various fair housing, employment,

11  civil rights, First Amendment, and ERISA individual and class action cases.  A few examples

12  include: *Blackburn v. State*, 186 Wn.2d 250, 375 P.3d 1076 (2016) (establishing precedent that

13  WLAD prohibits racial staffing even in state psychiatric hospital without proof of an adverse

14  action); *Fielder v. Sterling Park Homeowners Ass'n*, 914 F. Supp. 2d 1222, 1224 (W.D. Wash.

15  2012) (denying motion to dismiss Fair Housing Act and WLAD claim against neighbors); *Smith*

16  *v. Brown*, No. C10-1021 MJP, 2010 WL 3120203 (W.D. Wash., Aug. 9, 2010) (granting

17  preliminary injunction under Fair Housing Act and WLAD not to evict disabled residents of

18  adult family home); *Hubley v. CIC Corp.*, No. C02-5566 FDB (W.D. Wash. 2005) (ordering 5-

19  year consent decree against landlord and payment of $925,000 to plaintiffs for race and family

20  status housing discrimination under WLAD and Fair Housing Act); *Nevels v. Western World Ins.*

21  *Co., Inc.*, 359 F. Supp. 2d 1110 (W.D. Wash. 2004) (establishing that Fair Housing Act prohibits

22  discriminatory denial of professional malpractice insurance to class of 1,000 plus group homes);

23  *Clairmont v. Sound Mental Health*, 632 F.3d 1091 (9th Cir. 2011) (reversing summary judgment

24  for employer and remanding for trial retaliation claim brought under First Amendment); *Prison*

25  *Legal News v. Lehman*, 397 F.3d 692 (9th Cir. 2005) (affirming permanent injunctions under

26  First Amendment against government censorship); *Prison Legal News v. Columbia Cnty.*, 942 F.

27  Supp. 2d 1068 (D. Or. 2013) (permanently enjoining government censorship under First

DECLARATION OF JESSE WING IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS - 2

No. 2:16-cv-00922-MAT
10017.04 kl218503.003

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

1    Amendment); *Prison Legal News v. Spokane County*, 2011 WL 4073615 (E.D. Wash., Aug. 3,

2    2011) (consent decree under the First Amendment permanently enjoining government

3    censorship); *Gallo v. Amoco Corporation*, 102 F.3d 918 (7th Cir. 1996) ($122 million ERISA

4    class action on behalf of 18,000 employees); *Johnson v. Reno*, Civ. No. 93-0206 TFH (D.D.C.

5    1994) (employment discrimination action on behalf of the class of all African-American FBI

6    agents, resolved by consent decree).

7        6.      I am a member of the Washington State Bar and have presented at numerous

8    CLEs in Washington on fair housing, employment, fiduciary duties, ethics, probate litigation,

9    and civil rights matters.

10       7.      For three years (2004–2007), I served as the Chairman of the Washington

11   Employment Lawyers Association (WELA). I have served on WELA's Board of Directors for

12   the fourteen years. I am co-chair of WELA's legislative committee. I have served on its amicus

13   committee and I have filed amicus briefs on WELA's behalf in federal and state courts.  For

14   many years, I co-authored WELA's newsletter summarizing all published Washington and Ninth

15   Circuit Court of Appeals opinions, including those ruling on the fee petitions for a prevailing

16   plaintiff.

17       8.      From 2008 through 2013, I served as the President of the American Civil

18   Liberties Union of Washington. I have served on its Board of Directors for nineteen years.  I

19   have filed amicus briefs in the federal and state courts on behalf of the ACLU and served as a

20   cooperating attorney in *pro bono* litigation for the organization.

21       9.      I authored a lengthy chapter in the *Washington Civil Rights Deskbook* on "Fair

22   Housing" (WSAJ, 2011), which covers the Fair Housing Act, the Washington Law Against

23   Discrimination, and other fair housing laws such as 42 U.S.C. § 1982.  I also have authored

24   chapters in the *Washington Employment Law Deskbook* on "Ethics" (WSAJ 4th ed. 2017) and

25   "The Tort of Wrongful Discharge in Violation of Public Policy" (WSAJ, 2nd ed. 2009).

26       10.     I am an active member of the Washington State Association of Justice (WSAJ),

27   serve on its Legislative Steering Committee, and have testified on its behalf before the state

DECLARATION OF JESSE WING IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS - 3

No. 2:16-cv-00922-MAT
10017.04 ki218503.003

1  legislature. I advise WSAJ on legislative issues relating to fair housing, employment, and civil

2  rights.

3          11.       I have presented numerous CLEs on fair housing (including to HUD), free speech

4  and assembly, the Washington Anti-SLAPP law, employment law, and probate and trust and

5  estates. At the request of WSAJ, I recently authored a lengthy article on the front page of the

6  WSAJ *Trial News* entitled "Washington Supreme Court Breathes Life into Wrongful Discharge

7  Claims" (Nov. 2015), explaining a trio of the Court's opinions all issued on the same day,

8  resurrecting the tort of wrongful discharge in violation of public policy.

9          12.       I am a partner at the law firm of MacDonald Hoague & Bayless in Seattle,

10  Washington, where I have worked as a lawyer since 2001. With my partners, I am responsible

11  for regularly setting, reviewing, and adjusting the rates we charge clients for attorney and staff

12  time on their cases, and which we seek in fee petitions when our clients are prevailing parties

13  under fee-shifting statutes.

14          13.       Through the process of setting our own firm's fees, summarizing every pertinent

15  employment law and fee petition decisions for WELA, reviewing fee affidavits by other

16  colleagues over the years, obtaining fee rulings in my own cases and assisting in those of my

17  partners, and discussing rates with colleagues and clients, I am familiar with the market rates

18  charged by plaintiffs' attorneys and staff in fair housing, employment, and civil rights litigation

19  in Washington.

20          14.       My standard hourly rate is $500 which is the rate that I routinely charge clients

21  who pay hourly and that I charge for work on contingent cases. Numerous clients pay me for my

22  legal work at this hourly rate. Additionally, last year (2016), the Honorable Sharon Armstrong

23  (retired) awarded me this rate after my client was the prevailing party in an arbitration hearing of

24  an employment discrimination case; and this year (2017), the state of Washington paid full

25  attorney fees at this rate to resolve an employment discrimination case on remand, after the

26  Washington Supreme Court it entered a judgment on liability. *See Blackburn v. State*, 186

27  Wn.2d 250, 375 P.3d 1076 (2016). And this is the rate our firm has requested for my time in

DECLARATION OF JESSE WING IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS - 4

No. 2:16-cv-00922-MAT
10017.04 ki218503.003

1   recently successful litigation before U.S. District Judge Barbara Rothstein, *Thomas v. Cannon*,

2   case No. 3:15-cv-05346 (W.D. Wash. 2017).

3       15.   **Angela Galloway** is a litigation associate at MacDonald Hoague & Bayless,

4   where she has been employed for nearly two years.  From 2012-2016, she worked at Davis

5   Wright Tremaine, where her practice included employment, intellectual property, privacy, data

6   security, media law, and numerous First Amendment claims.  She routinely updated treatises and

7   other publications on employment, privacy, and First Amendment law; she co-wrote and co-

8   presented a CLE seminar on employee privacy; and she helped draft a chapter in the Washington

9   State Bar Association's Deskbook on the Washington Public Records Act. At the time she left

10   Davis Wright Tremaine, in 2016, Ms. Galloway's rate was $325 per hour.

11       16.   In early 2016, Ms. Galloway joined MacDonald Hoague & Bayless as a litigation

12   associate. Since joining the firm, she has helped litigate and resolve a number of employment

13   law and public records disputes. Her practice also includes administrative and appellate matters.

14       17.   Ms. Galloway serves on the planning committee for the Pacific Coast Labor &

15   Employment Law Conference and the Seattle Intellectual Property Inn of Court. She is a member

16   of the Board of Directors of the Washington Coalition for Open Government.

17       18.   Ms. Galloway graduated from University of Washington School of Law in 2012.

18   She is admitted to practice in Washington and is a member in good standing of the Washington

19   State Bar Association. She is admitted to practice in the United States District Court for the

20   Western District of Washington.  She earned her law degree after a career of more than a decade

21   as an award-winning newspaper journalist. Her writing focused on government, policy, and

22   investigative reporting, and included ten years at the Seattle Post-Intelligencer and two years at

23   The Philadelphia Inquirer.

24       19.   Ms. Galloway's customary rate at MacDonald Hoague & Bayless remains $325

25   per hour, which numerous clients have paid the firm for her work on an hourly basis.

26       20.   **Sam Kramer** is a litigation associate at MacDonald Hoague & Bayless. He

27   graduated from Georgetown University Law Center in 2015.  From August 2015 through August

DECLARATION OF JESSE WING IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS - 5

No. 2:16-cv-00922-MAT
10017.04 ki218503.003

2016, he was employed as a litigation fellow for Katz Marshall & Banks in Washington, D.C., where he represented clients in various stages of civil rights, employment, and whistleblower pre-trial litigation including client intakes, initial consultations, discovery, and settlement.  He joined MacDonald Hoague & Bayless in October 2016, and immediately started working on research projects, pre-trial and trial motions for a multi-week employment discrimination trial.  Since then, he has worked on several other employment law cases in all stages of litigation, including conducting direct testimony of an expert witness in *Stewart v. Snohomis County Public Utility District No. 1* (W.D. Wash., Aug. 22, 2017), before U.S. District Court Judge John Coughenour, who approved Mr. Kramer's standard hourly rate at $275—the same rate he requests here.

**Fees and Costs**

21.     MacDonald Hoague & Bayless represents Plaintiff Fair Housing Center of Washington in this matter on a contingency fee basis.

22.     The attorneys and staff employed at MacDonald Hoague & Bayless kept contemporaneous time records of the work performed in connection with this action.  **Exhibit 1** is a true copy of the time records after we reviewed, proofread, and supplemented the description of some entries and exercised billing judgment to remove many others.

23.     Below is a summary of the time set forth in **Exhibit 1** for each MHB timekeeper's hours expended on this matter and the fees requested for this work.  Plaintiff incurred the following attorney's fees in this litigation:

| TIMEKEEPER | RATE | HOURS | TOTAL |
|---|---|---|---|
| Jesse Wing | $500 | 190.7 | $ 95,350 |
| Angela Galloway | $325 | 136.6 | $ 44,395 |
| Sam J. Kramer | $275 | 8.6 | $ 2,365 |
| **TOTAL** | | | **$142,110** |

DECLARATION OF JESSE WING IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS - 6

No. 2:16-cv-00922-MAT
10017.04 ki218503.003

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

24.    Plaintiff incurred the following reasonable expenses in litigating this case, which are also set forth in **Exhibit 1**:

| EXPENSE | AMOUNT |
|---|---|
| Photocopies/Printing | $   145.30 |
| Deposition | $   395.64 |
| Court Reporter | $1,493.70 |
| Filing Fee | $   400.00 |
| Research Fees | $   102.92 |
| Service of Process | $     99.00 |
| Parking | $     79.45 |
| Expert Witness | $5,200.00 |
| **TOTAL** | **$7,916.01** |

Each of these costs was reasonably necessary for Plaintiff to prosecute this action. Plaintiff incurred deposition costs to depose Defendant Frederick Scheetz, excerpts of which Plaintiff used on summary judgment and at trial, and which the Court relied upon in its rulings. Likewise, Plaintiff incurred the costs of retaining its expert witness, Dr. Avery Mason Guest, whose extensive declaration it presented on summary judgment and on which the Court relied in granting summary judgment.  The miscellaneous other costs (filing fee, service of process, parking for trial and the Rule 34 inspection, photocopies of trial exhibits, research fees, etc.) are routinely paid by clients and are recoverable under the Fair Housing Act and the Washington Law Against Discrimination.

25.    In addition, MacDonald Hoague & Bayless requests the attorney fees it has incurred preparing this fee motion and supporting documents, which total $9,700.  *See* **Exhibit 1** hereto.

26.    Plaintiff seeks payment of fees at the following hourly rates for MacDonald Hoague & Bayless's attorneys and staff:  Jesse Wing, attorney ($500); Angela Galloway,

DECLARATION OF JESSE WING IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS - 7

No. 2:16-cv-00922-MAT
10017.04 ki218503.003

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1    attorney ($325); Sam Kramer, attorney ($275). These are the customary rates that MHB charges

2    to hourly clients for these timekeepers.

3                          **MHB Has Exercised Billing Judgment**

4            27.    With some exceptions, when attorneys and staff met to discuss the investigation

5    or litigation, one or more attorneys or staff members did not bill for their time; in the vast

6    majority of those circumstances, the billing is from the attorney who bills at the lower rate. Also,

7    timekeepers frequently exercised judgment on a weekly (and sometimes daily) basis not to bill

8    for brief conversations or short emails despite the fact that these actions advanced the Plaintiff's

9    case. Additionally, to streamline this petition, MHB has not asked for the time spent by other

10   timekeepers who contributed productive work towards the successful outcome of this case.

11   These timekeepers whose time MHB is not seeking include very experienced MHB fair housing

12   lawyer Jeffrey Taren ($600 hourly rate) who Plaintiff's counsel Jesse Wing periodically

13   strategized with regarding the Fair Housing Act legal issues and legal investigator Troy Locati

14   ($220 hourly rate) who helped locate records about Defendants, including their net worth. At

15   times, MHB included associate Angela Galloway in certain litigation activities, such as calls

16   with opposing counsel, meetings with FHCW staff, and attending the deposition of the defendant

17   but MHB has not included such time in this fee petition. While her involvement in these

18   activities was invariably helpful to the case, MHB does not seek recovery for it where such time

19   was likewise useful for her development as a lawyer, and the firm has likewise trimmed time

20   spent on motions and briefs where it reach the same conclusion. All told, for these reasons,

21   MHB is not requesting recovery of more than $15,000 of time expended on this matter.

22                  **Fair Housing Center of Washington Earned the Fees Requested**

23           28.    Since this fee petition follows the Court's grant of summary judgment and a

24   bench trial from which the Court issued injunctive relief, compensatory damages, and punitive

25   damages, FHCW will not repeat the merits of its claim. Rather, FHCW will highlight the work

26   that it took to achieve the successful outcome.

27

DECLARATION OF JESSE WING IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS - 8

No. 2:16-cv-00922-MAT
10017.04 ki218503.003

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

**Efficient Division of Labor**

29.     This litigation was primarily handled by Jesse Wing, with considerable targeted help from associate Angela Galloway.  At times, Mr. Wing consulted with Jeffrey Taren for strategic advice because of Mr. Taren's forty-plus years litigating fair housing disputes and representing fair housing organizations in Chicago, Illinois—but whose time MHB is not seeking.  Additionally, when Ms. Galloway was not available, Mr. Wing relied on associate Sam Kramer to help prepare the FHCW's reply in support of summary judgment.

**Conducting Discovery**

30.     Plaintiff's counsel conducted a lean prosecution of this case.  Initially, Plaintiff's counsel reviewed the FHCW's thick investigation file, including testing reports, analysis of the tests, the HUD complaint and supporting documents, correspondence with the Seattle Office of Civil Rights, and documents that the FHCW had collected on the Defendants, and other relevant records.  Through a Public Records Act request to the Seattle Office of Civil Rights, Counsel for the FHCW obtained its case file.  That thick file contained its interviews of the testers, of the testing coordinator, of Defendant Frederick Sheetz, and of the Defendants' employees, requests for information and responses from Defendants, follow-up by SOCR, conciliation efforts, and other relevant documents.

31.     Plaintiff's counsel also spent hours interviewing each of the testers and the testing coordinator of the Fair Housing Center of Washington, as well as its Executive Director and other staff involved in the testing, analysis of testing, and decision-making process.

32.     Once in litigation, the Fair Housing Center of Washington issued three sets of written discovery requests to the Defendants.  The Defendants' responses were meager, vague, and insufficient.  Accordingly, Plaintiff's lawyer wrote to Defense counsel articulating the deficiencies.  Counsel for the parties conducted CR 37 conferences.  The Defendants supplemented some of its discovery responses but refused to supplement others.  For example, the Defendants refused to supply information related to their net worth.  Instead of battling for this in discovery, Plaintiff's counsel collected relevant documents of the value of Defendants'

DECLARATION OF JESSE WING IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS - 9

No. 2:16-cv-00922-MAT
10017.04 ki218503.003

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1    real estate properties from county assessors' offices, which FHCW submitted as Trial Exhibits 8

2    through 23.  MHB relied on its legal investigator Troy Locati to locate these documents and

3    other relevant records but is not seeking to recover Mr. Locati's time.

4        33.     The FHCW deposed Defendant Frederick Scheetz, and inspected The Granada

5    Apartments, including examining several of the studio apartments at issue in this case.

6                                    **Motion Practice**

7        34.     Five months after serving their Answer, Defendants filed a *Twombly/Iqbal* Rule

8    12(b)(6) motion to dismiss, asserting that Plaintiff's claims should be dismissed.  Their motion

9    argued that the Plaintiff had failed to provide the statistical basis for its disparate impact claims

10   in its Complaint, and that Plaintiff would be unable to provide such statistics.  Dkt. 16.

11       35.     Instead of just responding to the Defendants' untimely for a motion to dismiss,

12   Plaintiff's counsel hustled to put together a cross motion for summary judgment on the merits,

13   Dkt. 17, which required substantial legal research and extensive work by and with Plaintiff's

14   statistical expert, Professor Avery Mason Guest.  Dr. Guest's declaration, Dkt. 20-2, was detailed

15   and comprehensive.  His declaration was 23 pages, single-spaced, and was accompanied by a

16   supplemental four-page, single-spaced disparate impact report considering alternatives

17   (Appendix B thereto).

18       36.     Plaintiff's counsel met with and interviewed the testers and testing coordinator,

19   clarifying information for their declarations and securing their signatures for filing with the

20   Court.  Dkts. 19, 21, 22, and 23.

21       37.     In order to protect the integrity of the FHCW testing program and keep the

22   identities of the testers confidential so they could continue working as testers,  Plaintiff's counsel

23   researched and prepared a motion for protective order to that effect, which it filed with

24   declarations from counsel and FHCW's Executive Director, Lauren Walker Lee, Dkts. 26, 27,

25   and 28. The Court granted the motion. *See* Dkt. 31.

26

27

DECLARATION OF JESSE WING IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS - 10

No. 2:16-cv-00922-MAT
10017.04 ki218503.003

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

38.     In filing its cross motion for summary judgment, Plaintiff's counsel researched and crafted a proposed order outlining reasonable forms of injunctive relief, which the Court ultimate adopted in its Order. Dkt. 58.

39.     When it granted summary judgment for Plaintiff, the Court ordered the parties to file supplemental briefing on the injunctive relief requested. After significant research, Plaintiff's counsel filed a brief providing substantial authority in support of the FHCW's proposed relief, Dkt. 43, with exhibits attached to a declaration from counsel, Dkt. 44, and the FHCW's Executive Director, Lauren Walker Lee, Dkt. 45.

### Pretrial, Trial, and Post-Trial

40.     Through the Plaintiff's Pretrial Statement, Plaintiff's counsel took the laboring oar in preparing what became the parties' proposed Pretrial Order, Dkt. 52, signed by the Court without modification, Dkt. 55. It took careful preparation of proposed admitted facts, articulation of the legal issues, and negotiation with defense counsel to reach agreement on the proposed order—which facilitated an efficient, orderly trial and obviated the need for the Court to spend time managing the pretrial process and resolving disputes.

41.     Similarly, Plaintiff filed presented a tight, focused Trial Brief, Dkt. 51, and extensive Findings of Fact and Conclusions of Law, Dkt. 53, which the Court significantly adopted.

42.     At the instruction of the Court during the Pretrial Conference, Plaintiff's counsel researched, prepared, and submitted a brief on the constitutional due process standards for awarding punitive damages. Dkt. 57.

43.     At trial, Plaintiff's counsel presented opening statement that addressed the relief sought, presented direct examination of FHCW Executive Director Lauren Walker Lee, and presented a focused cross examination of Defendant Frederick Scheetz, as well as closing argument. All-in-all, Plaintiff's counsel efficiently and effectively presented the FHCW's case—which necessarily took lots of planning, strategizing, organizing, and thoughtful preparation.

DECLARATION OF JESSE WING IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS - 11

No. 2:16-cv-00922-MAT
10017.04 ki218503.003

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

44.      After trial, Plaintiff's counsel prepared and filed a short, concise supplemental trial brief to address the standard for punitive damages under the Fair Housing Act.  Dkt. 59.

### Settlement Efforts

45.      From the start, the FHCW tried to resolve this case.  When the SOCR conducted its conciliation process, the FHCW made a proposed settlement demand, but Defendants offered nothing.  When Plaintiff's counsel served the Complaint and Summons on Defendants' registered agent, we served it with a cover letter (dated June 30, 2016) inviting settlement discussions.  **Exhibit 2**.  In late July 2016, Plaintiff's counsel asked Defense counsel whether the Defendants were amenable to settlement discussions.  Defense counsel responded that Defendant Frederick Scheetz intends to maintain his occupancy restriction but invited a settlement proposal nevertheless.  In reply, Plaintiff's counsel sent a letter dated August 3, 2016, citing numerous court opinions that held occupancy restrictions illegal, and making a specific settlement proposal.  **Exhibit 3** (unredacted), Dkt. 44, at 45-47 (redacted version).  Defendants never responded.

46.      In the Court's order granting partial summary judgment, the Court wrote that it "encourages the parties to confer and attempt to reach agreement on the remedies that are appropriate in this case" as to injunctive relief.  Dkt. 42 at 10.  Plaintiff's counsel took the opportunity to write a letter to Defense counsel (dated May 17, 2017) inviting a meeting to discuss that topic, as well as to invite settlement discussions of the entire case.  **Exhibit 4** (unredacted), Dkt. 44 at 10 (redacted version).  Defense counsel responded that he would be meeting with his client and then would respond.  Dkt. 44 at 14.  He did not.  Plaintiff's counsel followed up with an email asking for a response, *id.* at 13, but the Defendants never did.

47.      Finally, at the Pre-trial conference on Friday September 8, 2017 that was held in Chambers, the Court encouraged the parties to discuss settlement.  Defense counsel responded that he would be meeting with his client on Monday, but never made an offer.  In sum, Defendants never made any settlement offer and never responded to any of Plaintiff's several invitations to discuss settlement or settlement demands.

DECLARATION OF JESSE WING IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS - 12

No. 2:16-cv-00922-MAT
10017.04 ki218503.003

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604   Fax 206.343.3961

### The Firm Took Risk

48.     From more than twenty-six years of experience practicing fair housing law, Plaintiff's counsel Mr. Wing knows that fair housing cases are challenging. Courts are prone to misinterpreting them as merely an unusual cousin to employment discrimination despite the fact that the Fair Housing Act has its own separate history, statutory scheme and language, and remedies. This requires specialized knowledge in the field.

49.     Disparate impact cases are especially challenging and risky. They necessarily involve contesting a neutral policy, which in the area of discrimination law is a very heavy lift. In the context of occupancy restrictions, even if the plaintiff establishes disparate impact the law is not settled about the proper standard of business necessity raising a real risk that the court may defer to a potentially long list of justifications that a landlord may offer. Additionally, when representing an entity such as a fair housing center, the compensatory damages that the plaintiff may seek is limited to economic damages so they will typically be modest, and the issue of how of whether a landlord is restricted from how people can live in an apartment is unlikely to interest let alone inflame a jury to action. Accordingly, from a financial standpoint, such cases are more risk than financial reward.

50.     Disparate impact cases necessarily involve finding, and paying, a qualified expert to collect and evaluate large amounts of demographic data and applying it to the case at hand. In this case, it took Plaintiff's counsel many weeks of contacting numerous academics and professionals to locate a suitable expert with the qualifications, knowledge, interest, and availability to collect and evaluate the data in a timely fashion, and write an extensive report explaining his evaluations and their significance for this case. The process was very time consuming, and Plaintiff's counsel had to work closely with the expert to understand the variables he was considering and make sure they were appropriate to the facts of the case, the methodological choices he was making, to raise questions and concerns, and to simplify and summarize his analysis and conclusions for the briefing to the Court. In bringing this case, Plaintiff's counsel had to assume that the Defendants would hire their own expert and submit a

DECLARATION OF JESSE WING IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS - 13

No. 2:16-cv-00922-MAT
10017.04 ki218503.003

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

1   contrary analysis so working with our expert also involved discussing any potential weaknesses

2   and avenues that a rebuttal expert might pursue.  This all took a considerable amount of time for

3   me and for the expert.  Plaintiff's counsel was fortunate that the expert charged a very modest

4   hourly rate.

5       51.    Experienced fair housing lawyers can only afford to take on these kinds of cases

6   and the risks that they present because the courts award the fees that they have earned, at the

7   rates that they charge.

8

9       I declare under penalty of perjury under the laws of the state of Washington that the

10  foregoing is true.

11

12      DATED this 9th day of October, 2017.

13

14

15  _____
    Jesse Wing

16

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF JESSE WING IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS - 14

No. 2:16-cv-00922-MAT
10017.04 k1218503.003

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

<u>CERTIFICATE OF SERVICE</u>

I certify that on the date noted below I electronically filed this document entitled

DECLARATION OF JESSE WING IN SUPPORT OF PLAINTIFF'S MOTION FOR

ATTORNEY'S FEES AND COSTS with the Clerk of the Court using the CM/ECF system

which will send notification of such filing to the following persons:

<u>Counsel for Defendants</u>

George T. Hunter, WSBA # 14388
5900 48th Ave S
Seattle, WA 98118
Telephone: 206-851-7700
Email: gthunter7700@gmail.com

DATED this 9th day of October, 2017, at Seattle, Washington.

Esmeralda Valenzuela, Legal Assistant

DECLARATION OF JESSE WING IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS - 15

No. 2:16-cv-00922-MAT
10017.04 ki218503.003

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

# **EXHIBIT 1**

## TO

## DECLARATION OF JESSE WING IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

Report Run: 10/9/2017
By: Esmeralda Valenzuela
ProVantage Custom

**MacDonald Hoague & Bayless**
**Client Ledger**

Fair Housing Center of Washington
Attn: Lauren Walker, Executive Director
1517 South Fawcett, Suite 250
Tacoma, WA 98402

10017-4 / JW / Contingent
Discrimination - Gen.
Fair Housing Violations

## Regular Account

| Date | Tkpr. | Type | Hours | Description | Amount | Balance |
|------|-------|------|-------|-------------|--------|---------|
| 4/21/2016 | JW | Fee | 0.80 | Call with L. Walker about occupancy restriction case | 400.00 | 400.00 |
| | JW | | 0.80 | | | |
| 4/26/2016 | | Noncash Cost Printing (In House) | | Printing (In House) | 18.30 | 418.30 |
| 4/28/2016 | JW | Fee | 1.00 | Review client documents and make notes of same | 500.00 | 918.30 |
| | JW | | 1.00 | | | |
| 4/29/2016 | JW | Fee | 0.20 | Send public records act request to SOCR for investigation file | 100.00 | 1,018.30 |
| | JW | | 0.20 | | | |
| 4/29/2016 | JW | Fee | 0.10 | Email from Seattle Office of Civil Rights about public records request | 50.00 | 1,068.30 |
| | JW | | 0.10 | | | |
| 5/4/2016 | JW | Fee | 0.10 | Email from SOCR about public records request | 50.00 | 1,118.30 |
| | JW | | 0.10 | | | |
| 5/9/2016 | JW | Fee | 0.30 | Review correspondence from FHCW with case histories of testers on the The Granada Apts | 150.00 | 1,268.30 |
| | JW | | 0.30 | | | |
| 5/12/2016 | ACG | Fee | 1.10 | Review investigative files | 357.50 | 1,625.80 |
| | JW | | 1.10 | | | |
| 5/13/2016 | ACG | Fee | 2.20 | Review files in preparation of drafting complaint (2.1); confer with J. Wing (.1) | 715.00 | 2,340.80 |
| | JW | | 2.20 | | | |
| 5/24/2016 | | Noncash Cost Printing (In House) | | Printing (In House) | 38.90 | 2,379.70 |
| 5/26/2016 | ACG | Fee | 1.50 | Draft complaint | 487.50 | 2,867.20 |
| | JW | | 1.50 | | | |
| 6/4/2016 | ACG | Fee | 5.10 | Review and analyze documents provided pursuant to public record request; draft complaint | 1,657.50 | 4,524.70 |
| | JW | | 5.10 | | | |
| 6/7/2016 | JW | Fee | 2.30 | Edit draft complaint | 1,150.00 | 5,674.70 |
| | JW | | 2.30 | | | |
| 6/14/2016 | JW | Fee | 0.30 | Confer with client about our draft Complaint and proper defendants | 150.00 | 5,824.70 |
| | JW | | 0.30 | | | |
| 6/15/2016 | JW | Fee | 0.40 | Email and call with client; email and call with M. Chin of SOCR | 200.00 | 6,024.70 |
| | JW | | 0.40 | | | |
| 6/15/2016 | ACG | Fee | 0.20 | Confer with J. Wing and L. Faulstich regarding filing complaint | 65.00 | 6,089.70 |
| | JW | | 0.20 | | | |
| 6/15/2016 | JW | Fee | 0.30 | Call from SOCR about how to handle pending administrative claim when file with federal court | 150.00 | 6,239.70 |
| | JW | | 0.30 | | | |
| 6/16/2016 | | Noncash Cost Photocopies | | Photocopies | 1.60 | 6,241.30 |
| 6/16/2016 | JW | Fee | 0.30 | File notice of appearance with SOCR, and request that administrative client be held in abeyance during federal litigation | 150.00 | 6,391.30 |
| | JW | | 0.30 | | | |
| 6/16/2016 | JW | Fee | 0.20 | Send copy of federal lawsuit to SOCR per its request | 100.00 | 6,491.30 |
| | JW | | 0.20 | | | |
| 6/17/2016 | ACG | Fee | 1.20 | Review case schedule (.2); draft corporate disclosure statement (.8); confer with J. Wing and L. Walker regarding same (.2) | 390.00 | 6,881.30 |
| | JW | | 1.20 | | | |

Report Run: 10/9/2017
By: Esmeralda Valenzuela
ProVantage Custom

MacDonald Hoague & Bayless
**Client Ledger**

Fair Housing Center of Washington
Attn: Lauren Walker, Executive Director
1517 South Fawcett, Suite 250
Tacoma, WA 98402

10017-4 / JW / Contingent
Discrimination - Gen.
Fair Housing Violations

| Date | Initials | Type | Hours | Description | Amount | Balance |
|---|---|---|---|---|---|---|
| 6/17/2016 | | Noncash Cost Printing (In House) | | Printing (In House) | 1.50 | 6,882.80 |
| 6/17/2016 | JW JW | Fee | 0.30 0.30 | Review Joint Status Report order, consent letter & form, notice to filer, summons and judge assignment issued by court | 150.00 | 7,032.80 |
| 6/17/2016 | JW JW | Fee | 0.30 0.30 | Email to client about recent filings and option of agreeing to U.S. Judge Magistrate | 150.00 | 7,182.80 |
| 6/22/2016 | JW JW | Fee | 0.30 0.30 | Call with client about consenting to U.S. Magistrate and next steps | 150.00 | 7,332.80 |
| 6/23/2016 | JW JW | Fee | 0.40 0.40 | Call with client to discuss next steps and option of magistrate | 200.00 | 7,532.80 |
| 6/29/2016 | ACG JW | Fee | 0.80 0.80 | Review records in preparation for witness interviews | 260.00 | 7,792.80 |
| 6/29/2016 | JW JW | Fee | 0.30 0.30 | Answer questions posed by process server who is not having luck serving defendant F. Breier-Scheetz at his registered agent office | 150.00 | 7,942.80 |
| 6/30/2016 | JW JW | Fee | 0.40 0.40 | Review declaration of service on corporation and give instructions to staff on preparing waiver of service to individual defendant and prepare cover letter to same | 200.00 | 8,142.80 |
| 6/30/2016 | LJF | Cash Cost Service of Process | | 06/30/16 service of process upon Breier-Scheetz Properties, LLC Check # 70560 ABC Legal Services Inc. | 49.50 | 8,192.30 |
| 6/30/2016 | | Noncash Cost Photocopies | | Photocopies | 3.90 | 8,196.20 |
| 6/30/2016 | | Noncash Cost Printing (In House) | | Printing (In House) | 1.50 | 8,197.70 |
| 7/6/2016 | JW | Cash Cost Filing Fee-U.S. District C | | 06/20/16 J. Wing filing fee WAWD CM ECF (25S82D45) (Pay.Gov) Check # 70589 U.S. Bank | 400.00 | 8,597.70 |
| 7/7/2016 | ACG JW | Fee | 1.40 1.40 | Review case records preparation for drafting Initial Disclosures and Joint Status Report to the court | 455.00 | 9,052.70 |
| 7/8/2016 | ACG JW | Fee | 0.20 0.20 | Correspond with Mr. Hunter about meet-and-confer obligations | 65.00 | 9,117.70 |
| 7/11/2016 | JW JW | Fee | 0.30 0.30 | Conduct Rule 26(f) with G. Hunter and A. Galloway | 150.00 | 9,267.70 |
| 7/11/2016 | ACG JW | Fee | 0.30 0.30 | Participate in telephonic meet-and-confer with opposing counsel | 97.50 | 9,365.20 |
| 7/11/2016 | ACG JW | Fee | 0.10 0.10 | Email correspondence with Mr. Hunter and J. Wing | 32.50 | 9,397.70 |
| 7/12/2016 | ACG JW | Fee | 0.10 0.10 | Email correspondence with Ms. Walker and J. Wing | 32.50 | 9,430.20 |
| 7/12/2016 | JW JW | Fee | 0.30 0.30 | Prepare confirming email of meet-and-confer call yesterday and send to G. Hunter | 150.00 | 9,580.20 |
| 7/12/2016 | JW JW | Fee | 0.30 0.30 | Review and respond to client questions about damages | 150.00 | 9,730.20 |

2

Report Run: 10/9/2017
By: Esmeralda Valenzuela
ProVantage Custom

MacDonald Hoague & Bayless
**Client Ledger**

Fair Housing Center of Washington
Attn: Lauren Walker, Executive Director
1517 South Fawcett, Suite 250
Tacoma, WA 98402

10017-4 / JW / Contingent
Discrimination - Gen.
Fair Housing Violations

| Date | Atty | Type | Hours | Description | Amount | Balance |
|------|------|------|-------|-------------|--------|---------|
| 7/13/2016 | ACG JW | Fee | 0.40 0.40 | Email correspondence to and from Ms. Walker about damages | 130.00 | 9,860.20 |
| 7/13/2016 | ACG JW | Fee | 0.30 0.30 | Email correspondence with J. Wing and Ms. Walker regarding damages; review spreadsheet regarding same | 97.50 | 9,957.70 |
| 7/18/2016 | ACG JW | Fee | 0.30 0.30 | Participate in telephone meet-and-confer with opposing counsel and J. Wing | 97.50 | 10,055.20 |
| 7/19/2016 | ACG JW | Fee | 2.40 2.40 | Review and collect documents for initial disclosures (2.1); phone call with Ms. Walker (.3) | 780.00 | 10,835.20 |
| 7/20/2016 | JW JW | Fee | 0.50 0.50 | Strategize discovery requests, scope of requests, and ESI issues-- for both Defendants and FHCW | 250.00 | 11,085.20 |
| 7/20/2016 | JW JW | Fee | 0.30 0.30 | Edit Plaintiff's draft initial disclosures | 150.00 | 11,235.20 |
| 7/21/2016 | JW JW | Fee | 0.60 0.60 | Prepare lengthy email about discovery obligations, ESI, decisions to be made, and advice on how to proceed in this case; review clients' response | 300.00 | 11,535.20 |
| 7/22/2016 | ACG JW | Fee | 1.30 1.30 | Finalize Initial Disclosures; review Defendants' initial disclosure and email correspondence with J. Wing and Ms. Walker regarding same | 422.50 | 11,957.70 |
| 7/22/2016 | JW JW | Fee | 0.40 0.40 | Read Defendants' initial disclosures; lengthy email exchange with client about initial disclosures | 200.00 | 12,157.70 |
| 7/25/2016 | ACG JW | Fee | 3.20 3.20 | Email correspondence to and from opposing counsel (.1); draft Joint Status Report (3); email client (.1) | 1,040.00 | 13,197.70 |
| 7/25/2016 | JW JW | Fee | 0.20 0.20 | Follow-up emails with defense counsel about whether Mr. Breier-Scheetz agreeing to accept service of process | 100.00 | 13,297.70 |
| 7/25/2016 | JW JW | Fee | 0.40 0.40 | Strategize draft joint status report to send to defense counsel | 200.00 | 13,497.70 |
| 7/25/2016 | JW JW | Fee | 0.50 0.50 | Search for statistical expert for proving disparate impact and email exchange with one potential expert | 250.00 | 13,747.70 |
| 7/26/2016 | ACG JW | Fee | 0.10 0.10 | Email correspondence with Mr. Hunter and J. Wing | 32.50 | 13,780.20 |
| 7/27/2016 | ACG JW | Fee | 1.40 1.40 | Meet and confer phone conference with opposing counsel; confer with J. Wing regarding same (.6); revise and finalize JSR (.5); email correspondence with Mr. Hunter, J. Wing and Ms. Walker (.3) | 455.00 | 14,235.20 |
| 7/27/2016 | JW JW | Fee | 0.30 0.30 | Review filing with court mis-stating that it was filed by me; contact defense counsel about same; review defense counsel's correction email to court | 150.00 | 14,385.20 |
| 7/27/2016 | JW JW | Fee | 0.80 0.80 | Call with G. Hunter on Joint Status Report and our proposal that Defendants consider settlement; review case reassignment; report on developments to client | 400.00 | 14,785.20 |
| 7/29/2016 | ACG JW | Fee | 0.20 0.20 | Email to Mr. Hunter and L. Faulstitch regarding Joint Status Report; email correspondence with client (.2) | 65.00 | 14,850.20 |
| 7/31/2016 | LJF | Cash Cost | | 07/08/16 Service of Process upon Fredrick B. Sheetz Check # 70769 ABC Legal Services Inc. | 49.50 | 14,899.70 |

Report Run: 10/9/2017
By: Esmeralda Valenzuela
ProVantage Custom

**MacDonald Hoague & Bayless**
**Client Ledger**

Fair Housing Center of Washington
Attn: Lauren Walker, Executive Director
1517 South Fawcett, Suite 250
Tacoma, WA 98402

10017-4 / JW / Contingent
Discrimination - Gen.
Fair Housing Violations

| Date | Atty | Type | Hours | Description | Amount | Balance |
|---|---|---|---|---|---|---|
| 8/1/2016 | JW<br>JW | Fee | 0.80<br>0.80 | Meet with client to discuss details of a proposal of settlement to the Defendants | 400.00 | 15,299.70 |
| 8/2/2016 | JW<br>JW | Fee | 2.70<br>2.70 | Research fair housing occupancy restrictions cases | 1,350.00 | 16,649.70 |
| 8/2/2016 | JW<br>JW | Fee | 0.20<br>0.20 | Instructions to staff still waiting on acceptance of service from Defendant F. Breier-Scheetz that has been promised for many days | 100.00 | 16,749.70 |
| 8/2/2016 | JW<br>JW | Fee | 0.20<br>0.20 | Email to defense counsel that we haven't received his client's waiver of service yet | 100.00 | 16,849.70 |
| 8/3/2016 | ACG<br>JW | Fee | 1.70<br>1.70 | Review and analyze relevant case law, including Sowe v. Laz; confer with J. Wing regarding settlement options; review settlement letter | 552.50 | 17,402.20 |
| 8/3/2016 | JW<br>JW | Fee | 1.00<br>1.00 | Prepare settlement letter and send to client and A. Galloway for review; call with client about same and strategize with A. Galloway about same; make edits to same, finalize, and send to G. Hunter | 500.00 | 17,902.20 |
| 8/4/2016 | ACG<br>JW | Fee | 0.40<br>0.40 | Begin drafting 1st set of discovery to defendants | 130.00 | 18,032.20 |
| 8/8/2016 | JW<br>JW | Fee | 0.60<br>0.60 | Review case scheduling order; strategize next steps and timetable | 300.00 | 18,332.20 |
| 8/16/2016 | ACG<br>JW | Fee | 0.20<br>0.20 | Phone call and correspondence with Mr. Hunter regarding waiver of service | 65.00 | 18,397.20 |
| 8/24/2016 | ACG<br>JW | Fee | 1.60<br>1.60 | Finalize discovery to defendants | 520.00 | 18,917.20 |
| 8/24/2016 | JW<br>JW | Fee | 0.70<br>0.70 | Edit and add to draft written discovery requests to defendants | 350.00 | 19,267.20 |
| 8/29/2016 | JW<br>JW | Fee | 0.20<br>0.20 | Forward our discovery requests to FHCW | 100.00 | 19,367.20 |
| 9/27/2016 | ACG<br>JW | Fee | 0.30<br>0.30 | Confer with J. Wing regarding discovery; correspond with Mr. Hunter regarding same | 97.50 | 19,464.70 |
| 9/28/2016 | ACG<br>JW | Fee | 0.10<br>0.10 | Email to opposing counsel regarding discovery | 32.50 | 19,497.20 |
| 10/5/2016 | ACG<br>JW | Fee | 0.10<br>0.10 | Correspond with J. Wing and Mr. Hunter regarding Defendants' overdue discovery responses | 32.50 | 19,529.70 |
| 10/5/2016 | JW<br>JW | Fee | 0.80<br>0.80 | Contact potential statistical experts; send case information; call same | 400.00 | 19,929.70 |
| 10/6/2016 | ACG<br>JW | Fee | 0.80<br>0.80 | Review Defendants' discovery responses | 260.00 | 20,189.70 |
| 10/6/2016 | | Noncash Cost<br>Printing (In House) | | Printing (In House) | 1.30 | 20,191.00 |
| 10/6/2016 | JW<br>JW | Fee | 0.60<br>0.60 | Call with potential statistical expert | 300.00 | 20,491.00 |
| 10/6/2016 | JW<br>JW | Fee | 0.40<br>0.40 | Review Defendants' discovery responses and documents produced; note deficiencies | 200.00 | 20,691.00 |
| 10/10/2016 | ACG<br>JW | Fee | 0.30<br>0.30 | Email to opposing counsel regarding discovery deficiencies | 97.50 | 20,788.50 |

Report Run: 10/9/2017
By: Esmeralda Valenzuela
ProVantage Custom

**MacDonald Hoague & Bayless**
**Client Ledger**

Fair Housing Center of Washington
Attn: Lauren Walker, Executive Director
1517 South Fawcett, Suite 250
Tacoma, WA 98402

10017-4 / JW / Contingent
Discrimination - Gen.
Fair Housing Violations

| Date | Atty | Type | Hours | Description | Amount | Balance |
|------|------|------|-------|-------------|--------|---------|
| 10/12/2016 | JW JW | Fee | 0.60 0.60 | CR 37 conference with G. Hunter and A. Galloway | 300.00 | 21,088.50 |
| 10/12/2016 | ACG JW | Fee | 0.60 0.60 | CR 37 conference with opposing counsel regarding Defendants' discovery response deficiencies | 195.00 | 21,283.50 |
| 10/26/2016 | JW JW | Fee | 0.20 0.20 | Follow-up discovery conference with George Hunter; document same | 100.00 | 21,383.50 |
| 10/26/2016 | ACG JW | Fee | 0.10 0.10 | Confer with J. Wing regarding CR 37 conference and next steps | 32.50 | 21,416.00 |
| 11/1/2016 | JW JW | Fee | 0.10 0.10 | Email from G. Hunter about supplementary discovery responses | 50.00 | 21,466.00 |
| 11/4/2016 | ACG JW | Fee | 0.10 0.10 | Confer with J. Wing and Ms. Walker regarding deposition preparations | 32.50 | 21,498.50 |
| 11/6/2016 | JW JW | Fee | 0.40 0.40 | Continue contacting potential statistical experts | 200.00 | 21,698.50 |
| 11/8/2016 | JW JW | Fee | 0.40 0.40 | Contact potential statistical experts | 200.00 | 21,898.50 |
| 11/8/2016 | JW JW | Fee | 0.20 0.20 | Email to G. Hunter asking for promised supplemental discovery responses | 100.00 | 21,998.50 |
| 11/10/2016 | | Noncash Cost Printing (In House) | | Printing (In House) | 1.40 | 21,999.90 |
| 11/10/2016 | JW JW | Fee | 0.40 0.40 | Review defendants' supplemental discovery responses and compare with originals | 200.00 | 22,199.90 |
| 11/16/2016 | JW JW | Fee | 0.40 0.40 | Continue contacting potential experts on statistics | 200.00 | 22,399.90 |
| 11/17/2016 | JW JW | Fee | 0.10 0.10 | Email to defense counsel asking for discovery responses verification page | 50.00 | 22,449.90 |
| 11/18/2016 | JW JW | Fee | 0.30 0.30 | Communication with potential statistical expert | 150.00 | 22,599.90 |
| 11/22/2016 | ACG JW | Fee | 1.30 1.30 | Confer with J. Wing regarding next steps; collect records for expert's review | 422.50 | 23,022.40 |
| 11/22/2016 | JW JW | Fee | 0.70 0.70 | Select and send materials to P. Guest for expert review | 350.00 | 23,372.40 |
| 11/23/2016 | JW JW | Fee | 0.70 0.70 | Call to potential expert P. Guest | 350.00 | 23,722.40 |
| 11/27/2016 | JW JW | Fee | 0.60 0.60 | Call with expert P. Guest | 300.00 | 24,022.40 |
| 11/28/2016 | ACG JW | Fee | 0.50 0.50 | Correspond with client and J. Wing regarding witness preparation, etc. | 162.50 | 24,184.90 |
| 11/29/2016 | JW JW | Fee | 0.30 0.30 | Schedule meeting with client, testers, and testing coordinator in Tacoma | 150.00 | 24,334.90 |
| 12/2/2016 | | Noncash Cost Printing (In House) | | Printing (In House) | 2.60 | 24,337.50 |
| 12/2/2016 | JW JW | Fee | 1.00 1.00 | Read Defendants' motion to dismiss; make notes about research and arguments to defend against same | 500.00 | 24,837.50 |

Report Run: 10/9/2017

By: Esmeralda Valenzuela

ProVantage Custom

**MacDonald Hoague & Bayless**

**Client Ledger**

Fair Housing Center of Washington
Attn: Lauren Walker, Executive Director
1517 South Fawcett, Suite 250
Tacoma, WA 98402

10017-4 / JW / Contingent
Discrimination - Gen.
Fair Housing Violations

| Date | Atty | Type | Hours | Description | Amount | Balance |
|---|---|---|---|---|---|---|
| 12/2/2016 | JW<br>JW | Fee | 0.40<br>0.40 | Email from expert P. Guest about census data sets and issues to discuss about same | 200.00 | 25,037.50 |
| 12/4/2016 | JW<br>JW | Fee | 1.60<br>1.60 | Meet with statistical expert P. Guest to map out approaches to statistical analysis and consider arguments in motion to dismiss about same | 800.00 | 25,837.50 |
| 12/5/2016 | JW<br>JW | Fee | 0.30<br>0.30 | Review CV of expert P. Guest | 150.00 | 25,987.50 |
| 12/5/2016 | JW<br>JW | Fee | 0.30<br>0.30 | Send Defendants' motion to dismiss to L. Walker and advise about same | 150.00 | 26,137.50 |
| 12/6/2016 | ACG<br>JW | Fee | 0.80<br>0.80 | Confer with J. Wing about litigation strategy (.2); prepare declarations for summary judgment motion (.6) | 260.00 | 26,397.50 |
| 12/6/2016 | JW<br>JW | Fee | 0.30<br>0.30 | Instructions to A. Galloway to prepare draft tester and test coordinator declarations in support of cross motion for summary judgment for them to review when we meet them | 150.00 | 26,547.50 |
| 12/6/2016 | JW<br>JW | Fee | 0.60<br>0.60 | Prepare and send second set of discovery requests | 300.00 | 26,847.50 |
| 12/6/2016 | JW<br>JW | Fee | 1.00<br>1.00 | Prepare set of requests for admission based on arguments made in motion to dismiss | 500.00 | 27,347.50 |
| 12/9/2016 | ACG<br>JW | Fee | 0.90<br>0.90 | Research records similar litigation for J. Wing | 292.50 | 27,640.00 |
| 12/9/2016 | JW<br>JW | Fee | 2.40<br>2.40 | Research statistical analyses used in other occupancy restriction cases; instruct staff to pull applicable expert statistical filings in other actions, and review same | 1,200.00 | 28,840.00 |
| 12/9/2016 | JW<br>JW | Fee | 0.70<br>0.70 | Review and edit draft tester and testing coordinator declarations | 350.00 | 29,190.00 |
| 12/9/2016 | JW<br>JW | Fee | 0.40<br>0.40 | Emails with expert P. Guest about analysis approach and motion to dismiss arguments | 200.00 | 29,390.00 |
| 12/11/2016 | ACG<br>JW | Fee | 2.60<br>2.60 | Prepare for witness interviews, including draft declarations | 845.00 | 30,235.00 |
| 12/11/2016 | JW<br>JW | Fee | 1.30<br>1.30 | Prepare for interviews of witnesses and client's staff tomorrow | 650.00 | 30,885.00 |
| 12/12/2016 | JW<br>JW | Fee | 6.80<br>6.80 | Travel to Tacoma to meet with client, client's staff, and interview testers and former testing coordinator | 3,400.00 | 34,285.00 |
| 12/12/2016 | JW<br>JW | Fee | 0.70<br>0.70 | Call with expert P. Guest | 350.00 | 34,635.00 |
| 12/12/2016 | JW<br>JW | Fee | 1.00<br>1.00 | Research for opposition to motion to dismiss | 500.00 | 35,135.00 |
| 12/12/2016 | JW<br>JW | Fee | 0.70<br>0.70 | Call with P. Guest about statistical approaches | 350.00 | 35,485.00 |
| 12/12/2016 | JW<br>JW | Fee | 0.40<br>0.40 | Collect and send expert approaches from Graul case prepared by C. Bradford | 200.00 | 35,685.00 |

MacDonald Hoague & Bayless
**Client Ledger**

Report Run: 10/9/2017
By: Esmeralda Valenzuela
ProVantage Custom

Fair Housing Center of Washington
Attn: Lauren Walker, Executive Director
1517 South Fawcett, Suite 250
Tacoma, WA 98402

10017-4 / JW / Contingent
Discrimination - Gen.
Fair Housing Violations

| Date | Atty | Type | Hours | Description | Amount | Balance |
|------|------|------|-------|-------------|--------|---------|
| 12/13/2016 | JW JW | Fee | 0.60 0.60 | Review email from statistical expert P. Guest about C. Bradford's approach in Graul and about data sets and approaches we have discussed; respond to same | 300.00 | 35,985.00 |
| 12/15/2016 | JW JW | Fee | 1.10 1.10 | Begin working on summary judgment legal section about occupancy restrictions | 550.00 | 36,535.00 |
| 12/19/2016 | JW JW | Fee | 6.10 6.10 | Prepare draft witness declarations for Testers 401 and 405; meet with and interview witnesses, and secure signatures on declarations | 3,050.00 | 39,585.00 |
| 12/19/2016 | JW JW | Fee | 0.80 0.80 | Review email from expert P. Guest with report so far; review and respond to same | 400.00 | 39,985.00 |
| 12/20/2016 | JW JW | Fee | 0.60 0.60 | Call with expert P. Guest | 300.00 | 40,285.00 |
| 12/21/2016 | ACG JW | Fee | 3.60 3.60 | Draft factual and procedural posture section of response to motion to dismiss / motion for summary judgment | 1,170.00 | 41,455.00 |
| 12/22/2016 | JW JW | Fee | 5.60 5.60 | Write opposition to motion to dismiss/affirmative summary judgment motion | 2,800.00 | 44,255.00 |
| 12/28/2016 | ACG JW | Fee | 2.80 2.80 | Revise response to motion to dismiss/motion for summary judgment (2.7); confer with J. Wing regarding next steps (.1) | 910.00 | 45,165.00 |
| 1/1/2017 | JW JW | Fee | 1.70 1.70 | Read and edit expert's first draft declaration; send email with draft edits and request for call | 850.00 | 46,015.00 |
| 1/3/2017 | JW JW | Fee | 1.20 1.20 | Review Dr. Guest's edits; call with Dr. Guest about his updated report | 600.00 | 46,615.00 |
| 1/3/2017 | ACG JW | Fee | 1.70 1.70 | Review declarations in support of partial summary judgment motion (1.6); correspond with J. Wing regarding case status (.1) | 552.50 | 47,167.50 |
| 1/4/2017 | ACG JW | Fee | 0.10 0.10 | Confer with J. Wing regarding next steps (.1) | 32.50 | 47,200.00 |
| 1/4/2017 | JW JW | Fee | 1.60 1.60 | Prepare declaration of Jesse Wing and exhibits in opposition to motion to dismiss and cross motion for summary judgment | 800.00 | 48,000.00 |
| 1/5/2017 | ACG JW | Fee | 1.90 1.90 | Revise motion for partial summary judgment | 617.50 | 48,617.50 |
| 1/5/2017 | JW | Cash Cost | | 12/12/16 J. Wing parking conducting interviews with testers (Seattle Meter Parking) Check # 72330 U.S. Bank | 7.98 | 48,625.48 |
| 1/5/2017 | JW | Cash Cost | | 12/19/16 J. Wing parking conducting interviews with testers (Seattle Meter Parking) Check # 72330 U.S. Bank | 7.92 | 48,633.40 |
| 1/5/2017 | JW JW | Fee | 0.80 0.80 | Review email from expert P. Guest with Appendix B to his declaration, and four statistical tables and cites to Bradford report that he has incorporated | 400.00 | 49,033.40 |
| 1/5/2017 | JW | Fee | 0.50 | Review edits from P. Guest to his report | 250.00 | 49,283.40 |

Report Run: 10/9/2017
By: Esmeralda Valenzuela
ProVantage Custom

**MacDonald Hoague & Bayless**
**Client Ledger**

Fair Housing Center of Washington
Attn: Lauren Walker, Executive Director
1517 South Fawcett, Suite 250
Tacoma, WA 98402

10017-4 / JW / Contingent
Discrimination - Gen.
Fair Housing Violations

| Date | Atty | Type | Hours | Description | Amount | Balance |
|---|---|---|---|---|---|---|
| | JW | | 0.50 | | | |
| 1/5/2017 | JW<br>JW | Fee | 4.40<br>4.40 | Prepare opposition to motion for summary judgment and cross motion for summary judgment | 2,200.00 | 51,483.40 |
| 1/5/2017 | JW<br>JW | Fee | 0.20<br>0.20 | Contact defense counsel about motion for protective order to protect testers' identities | 100.00 | 51,583.40 |
| 1/5/2017 | JW<br>JW | Fee | 1.40<br>1.40 | Meet tester outside Bonney Lake, WA to review, edit, and sign declaration in support of summary judgment | 700.00 | 52,283.40 |
| 1/6/2017 | | Noncash Cost<br>Printing (In House) | | Printing (In House) | 6.20 | 52,289.60 |
| 1/6/2017 | ACG<br>JW | Fee | 1.60<br>1.60 | Research and draft motion for protective order and accompanying declaration of Ms. Walker | 520.00 | 52,809.60 |
| 1/6/2017 | JW<br>JW | Fee | 0.20<br>0.20 | Instructions to A. Galloway about preparing declaration for L. Walker Lee | 100.00 | 52,909.60 |
| 1/7/2017 | JW<br>JW | Fee | 4.60<br>4.60 | Propose edits to Dr. Guest's report; emails and telephone conversations with him; revise summary judgment brief to add analysis of Dr. Guest | 2,300.00 | 55,209.60 |
| 1/8/2017 | ACG<br>JW | Fee | 3.40<br>3.40 | Review and revise motion for summary judgment and accompanying declarations | 1,105.00 | 56,314.60 |
| 1/8/2017 | JW<br>JW | Fee | 5.60<br>5.60 | Prepare cross motion for summary judgment | 2,800.00 | 59,114.60 |
| 1/9/2017 | JW<br>JW | Fee | 0.80<br>0.80 | Finish pleadings for filing | 400.00 | 59,514.60 |
| 1/13/2017 | JW<br>JW | Fee | 0.70<br>0.70 | Review defendants' reply in support of their motion to dismiss, and opposition to cross motion for summary judgment | 350.00 | 59,864.60 |
| 1/16/2017 | | Noncash Cost<br>Printing (In House) | | Printing (In House) | 1.00 | 59,865.60 |
| 1/27/2017 | JW<br>JW | Fee | 0.20<br>0.20 | Review Court's order denying Defendants' motion to dismiss | 100.00 | 59,965.60 |
| 1/30/2017 | JW<br>JW | Fee | 0.80<br>0.80 | Read Defendants' opposition to summary judgment; make notes for reply regarding same; instructions to S. Kramer for research and drafting portions of reply | 400.00 | 60,365.60 |
| 1/31/2017 | SJK<br>JW | Fee | 2.10<br>2.10 | Review plaintiff's motion for summary judgment and rules and cases cited in brief (0.7); review defendant's response in opposition to plaintiff's motion for summary judgment and rules and cases cited in brief (1.1); meeting with J. Wing to discuss drafting of reply brief (0.3) | 577.50 | 60,943.10 |
| 1/31/2017 | JW<br>JW | Fee | 0.40<br>0.40 | Instructions to S. Kramer on preparing reply in support of summary judgment | 200.00 | 61,143.10 |
| 1/31/2017 | JW<br>JW | Fee | 0.50<br>0.50 | Prepare expert witness disclosure | 250.00 | 61,393.10 |

Report Run: 10/9/2017
By: Esmeralda Valenzuela
ProVantage Custom

MacDonald Hoague & Bayless
**Client Ledger**

Fair Housing Center of Washington
Attn: Lauren Walker, Executive Director
1517 South Fawcett, Suite 250
Tacoma, WA 98402

10017-4 / JW / Contingent
Discrimination - Gen.
Fair Housing Violations

| Date | Atty | Type | Hours | Description | Amount | Balance |
|---|---|---|---|---|---|---|
| 1/31/2017 | | Noncash Cost Printing (In House) | | Printing (In House) | 2.60 | 61,395.70 |
| 2/1/2017 | SJK JW | Fee | 1.10 1.10 | Draft reply in support of motion for summary judgment | 302.50 | 61,698.20 |
| 2/1/2017 | JW JW | Fee | 2.20 2.20 | Research and prepare portion of reply in support of summary judgment re merits (1.8); meeting with client to update on motion status and strategize case (.4) | 1,100.00 | 62,798.20 |
| 2/2/2017 | SJK JW | Fee | 4.60 4.60 | Draft reply brief in support of plaintiffs' counter-motion for summary judgment (4.5); meeting with J. Wing to discuss issues to include in reply brief with J. Wing (0.1) | 1,265.00 | 64,063.20 |
| 2/2/2017 | JW JW | Fee | 0.70 0.70 | Add to reply brief in support of cross motion for summary judgment | 350.00 | 64,413.20 |
| 2/3/2017 | SJK JW | Fee | 0.80 0.80 | Edit reply brief in support of counter motion for summary judgment (0.7); meeting with J. Wing to discuss which portions of reply brief in support of counter motion for summary judgment need to be condensed (0.1) | 220.00 | 64,633.20 |
| 2/3/2017 | JW JW | Fee | 1.20 1.20 | Edit and finalize reply brief in support of cross motion for summary judgment | 600.00 | 65,233.20 |
| 2/3/2017 | | Noncash Cost Printing (In House) | | Printing (In House) | 1.20 | 65,234.40 |
| 2/7/2017 | JW JW | Fee | 0.40 0.40 | Read court's ruling on defendants' motion to strike expert and under FRCP 56(d); share same with client; strategize discovery | 200.00 | 65,434.40 |
| 3/6/2017 | JW | Cash Cost Research Fee | | 02/01/17 J. Wing copies of expert reports of Cal Bradford (PACER) Check # 72913 U.S. Bank | 15.30 | 65,449.70 |
| 3/14/2017 | JW JW | Fee | 0.20 0.20 | Contact defense counsel to schedule deposition of defendant F. Breier-Scheetz | 100.00 | 65,549.70 |
| 3/15/2017 | ACG JW | Fee | 0.10 0.10 | Email correspondence to opposing counsel and J. Wing regarding noting Scheetz deposition | 32.50 | 65,582.20 |
| 3/21/2017 | ACG JW | Fee | 4.60 4.60 | Review discovery and other records and draft outline for Scheetz deposition | 1,495.00 | 67,077.20 |
| 3/21/2017 | JW JW | Fee | 0.10 0.10 | Review email from G. Hunter about deposition of his client; respond to same | 50.00 | 67,127.20 |
| 3/22/2017 | JW JW | Fee | 2.70 2.70 | Prepare for deposition of defendant F. Breier-Scheetz | 1,350.00 | 68,477.20 |
| 3/22/2017 | JW JW | Fee | 0.10 0.10 | Further email from G. Hunter about deposition of his client | 50.00 | 68,527.20 |

Report Run: 10/9/2017
By: Esmeralda Valenzuela
ProVantage Custom

**MacDonald Hoague & Bayless**
**Client Ledger**

Fair Housing Center of Washington
Attn: Lauren Walker, Executive Director
1517 South Fawcett, Suite 250
Tacoma, WA 98402

10017-4 / JW / Contingent
Discrimination - Gen.
Fair Housing Violations

| Date | Staff | Type | Hours | Description | Amount | Balance |
|---|---|---|---|---|---|---|
| 3/22/2017 | JW<br>JW | Fee | 0.40<br>0.40 | Prepare Rule 34 inspection of premises of The Granada Apartments | 200.00 | 68,727.20 |
| 3/23/2017 | | Noncash Cost<br>Printing (In House) | | Printing (In House) | 30.80 | 68,758.00 |
| 3/23/2017 | JW<br>JW | Fee | 0.60<br>0.60 | Finalize preparation for deposing F. Breier-Scheetz | 300.00 | 69,058.00 |
| 3/24/2017 | JW | Cash Cost | | 03/24/17 Video Recorded Deposition of Frederick Breier-Scheetz<br>$360.00 Appearance (4 hrs @ $90.00/hr)<br>$  25.64 Parking<br>$  10.00 Shipping via FedEx<br>Check # 73071<br>Maimon Legal Video | 395.64 | 69,453.64 |
| 3/24/2017 | ACG<br>JW | Fee | 4.00<br>4.00 | Attend Scheetz deposition | 1,300.00 | 70,753.64 |
| 3/24/2017 | JW<br>JW | Fee | 4.00<br>4.00 | Depose defendant F. Breier-Scheetz | 2,000.00 | 72,753.64 |
| 3/27/2017 | ACG<br>JW | Fee | 0.90<br>0.90 | Review deposition notes and prepare excerpts for reply brief | 292.50 | 73,046.14 |
| 3/27/2017 | JW<br>JW | Fee | 1.00<br>1.00 | Read Defendants' opposition to our cross motion for summary judgment; make notes for reply brief; request excerpts from court reporter of defendant's deposition for reply | 500.00 | 73,546.14 |
| 3/27/2017 | JW<br>JW | Fee | 3.20<br>3.20 | Prepare draft reply brief in support of summary judgment | 1,600.00 | 75,146.14 |
| 3/28/2017 | ACG<br>JW | Fee | 1.00<br>1.00 | Review Defendants' brief in opposition to summary judgment motion and review draft Plaintiff's reply; draft proposed edits to Plaintiff's reply | 325.00 | 75,471.14 |
| 3/29/2017 | JW | Cash Cost<br>Court Reporter | | 03/24/17 Deposition of Frederick Breier Scheetz<br>$  340.00 Appearance Fee (4 hrs @ $85.00/hr)<br>$1,121.85 E-Transcript Fee (135 pgs @ $8.31/pg)<br>$   31.85 PDF Copies of Exhibits 1-15 (91 pgs @ $0.35)<br>Check # 73052<br>Written Word Service, Inc. | 1,493.70 | 76,964.84 |
| 3/29/2017 | ACG<br>JW | Fee | 2.60<br>2.60 | Review Plaintiff's draft reply and suggest edits to incorporate deposition testimony (1.3); research authority on shared housing in high density cities (1.3) | 845.00 | 77,809.84 |
| 3/30/2017 | JW<br>JW | Fee | 2.60<br>2.60 | Review edits and additions to reply brief by A. Galloway, and finalize reply | 1,300.00 | 79,109.84 |
| 3/30/2017 | JW<br>JW | Fee | 0.80<br>0.80 | Prepare declaration of Jesse Wing in support of summary judgment | 400.00 | 79,509.84 |

Report Run: 10/9/2017
By: Esmeralda Valenzuela
ProVantage Custom

**MacDonald Hoague & Bayless**
**Client Ledger**

Fair Housing Center of Washington
Attn: Lauren Walker, Executive Director
1517 South Fawcett, Suite 250
Tacoma, WA 98402

10017-4 / JW / Contingent
Discrimination - Gen.
Fair Housing Violations

| Date | | Type | Hours | Description | Amount | Balance |
|------|----|------|-------|-------------|--------|---------|
| 4/10/2017 | JW JW | Fee | 0.20 0.20 | Email to G. Hunter about scheduling the inspection of The Granada Apartments | 100.00 | 79,609.84 |
| 4/19/2017 | JW JW | Fee | 2.20 2.20 | Prepare for and then conduct Rule 34 inspection; prepare drawings of rooms, calculate sizes, and draft declaration about inspection | 1,100.00 | 80,709.84 |
| 5/4/2017 | ACG | Cash Cost | | 04/19/17 ACG Parking for Inspection (Discovery) Check # 73609 U.S. Bank | 5.00 | 80,714.84 |
| 5/4/2017 | ACG | Cash Cost Parking | | 04/19/17 JRS Rule of 34 Inspection Check # 73609 U.S. Bank | 6.75 | 80,721.59 |
| 5/4/2017 | JW | Cash Cost Parking | | 04/20/17 J. Wing parking for Rule 34 Inspection Check # 73609 U.S. Bank | 9.00 | 80,730.59 |
| 5/4/2017 | JW | Cash Cost Parking | | 04/20/17 J. Wing parking for Rule 34 Inspection Check # 73609 U.S. Bank | 9.00 | 80,739.59 |
| 5/12/2017 | JW JW | Fee | 0.70 0.70 | Receive and read court's order on summary judgment; send same to client with explanation; instruct A. Galloway on researching issues for injunctive relief brief | 350.00 | 81,089.59 |
| 5/12/2017 | ACG JW | Fee | 1.10 1.10 | Review order granting summary judgment | 357.50 | 81,447.09 |
| 5/13/2017 | ACG JW | Fee | 3.40 3.40 | Review caselaw on equitable relief in fair housing cases, including housing discrimination treatise | 1,105.00 | 82,552.09 |
| 5/15/2017 | JW JW | Fee | 0.30 0.30 | Meet with J. Taren to strategize brief for injunctive relief and damages | 150.00 | 82,702.09 |
| 5/15/2017 | JW JW | Fee | 1.70 1.70 | Research availability of punitive damages for disparate impact (1.4); prepare letter to defense counsel to confer about injunctive remedies (.3) | 850.00 | 83,552.09 |
| 5/15/2017 | ACG JW | Fee | 0.10 0.10 | Email to J. Wing regarding equitable relief in FHA cases | 32.50 | 83,584.59 |
| 5/15/2017 | ACG JW | Fee | 0.20 0.20 | Confer with J. Wing regarding settlement negotiations | 65.00 | 83,649.59 |
| 5/15/2017 | | Noncash Cost Printing (In House) | | Printing (In House) | 6.10 | 83,655.69 |
| 5/17/2017 | JW JW | Fee | 0.50 0.50 | Prepare letter to G. Hunter inviting discussion about proposed injunctive relief provisions, as suggested by the Court's summary judgment order, and to discuss settlement of entire case | 250.00 | 83,905.69 |
| 5/24/2017 | JW JW | Fee | 0.10 0.10 | Review email from G. Hunter stating he will respond to my May 17, 2017 letter tomorrow | 50.00 | 83,955.69 |
| 5/28/2017 | ACG | Fee | 1.70 | Continue to research case law on FHA remedies | 552.50 | 84,508.19 |

Report Run: 10/9/2017

By: Esmeralda Valenzuela

ProVantage Custom

**MacDonald Hoague & Bayless**

**Client Ledger**

Fair Housing Center of Washington
Attn: Lauren Walker, Executive Director
1517 South Fawcett, Suite 250
Tacoma, WA 98402

10017-4 / JW / Contingent
Discrimination - Gen.
Fair Housing Violations

| Date | Atty | Type | Hours | Description | Amount | Balance |
|---|---|---|---|---|---|---|
| | JW | | 1.70 | | | |
| 5/29/2017 | ACG | Fee | 3.20 | Draft supplemental brief on injunctive relief | 1,040.00 | 85,548.19 |
| | JW | | 3.20 | | | |
| 6/1/2017 | ACG | Fee | 1.60 | Confer with J. Wing (.1); research case law on additional forms of | 520.00 | 86,068.19 |
| | JW | | 1.60 | equitable relief (1.5) | | |
| 6/1/2017 | JW | Fee | 0.80 | Prepare declaration for L. Walker Lee in support of injunctive relief | 400.00 | 86,468.19 |
| | JW | | 0.80 | | | |
| 6/2/2017 | JW | Fee | 1.80 | Finalize and file supplemental brief in support of injunctive relief, | 900.00 | 87,368.19 |
| | JW | | 1.80 | declaration of Jesse Wing, and proposed order | | |
| 6/2/2017 | JW | Fee | 8.40 | Prepare supplemental brief in support of injunctive relief, | 4,200.00 | 91,568.19 |
| | JW | | 8.40 | declaration of L. Walker, declaration of Jesse Wing, and draft | | |
| | | | | proposed order | | |
| 6/2/2017 | | Noncash Cost Printing (In House) | | Printing (In House) | 19.90 | 91,588.09 |
| 6/6/2017 | ACG | Fee | 0.20 | Draft supplemental initial disclosures | 65.00 | 91,653.09 |
| | JW | | 0.20 | | | |
| 6/7/2017 | ACG | Fee | 0.60 | Confer with J. Wing regarding supplemental disclosures (.2); | 195.00 | 91,848.09 |
| | JW | | 0.60 | correspond with Ms. Walker regarding same (.4) | | |
| 6/14/2017 | ACG | Fee | 1.60 | Review draft supplemental disclosures (.9); confer with J. Wing | 520.00 | 92,368.09 |
| | JW | | 1.60 | regarding trial preparation (.4); confer by phone and email with Ms. Walker (.3) | | |
| 6/14/2017 | JW | Fee | 0.40 | Instructions to A. Galloway to supplemental initial disclosures with | 200.00 | 92,568.09 |
| | JW | | 0.40 | update of damages; review draft charts and edit same | | |
| 6/16/2017 | ACG | Fee | 4.50 | Work on supplemental disclosures (1.2); read response brief (.3); | 1,462.50 | 94,030.59 |
| | JW | | 4.50 | research Seattle Municipal Code (.4); work on findings of fact and conclusions of law (2.5); correspond with J. Wing and Ms. Walker Lee (.1) | | |
| 6/16/2017 | JW | Fee | 0.30 | Read Defendants' response brief on injunctive relief | 150.00 | 94,180.59 |
| | JW | | 0.30 | | | |
| 6/19/2017 | ACG | Fee | 2.60 | Review draft reply; suggest revisions to same | 845.00 | 95,025.59 |
| | JW | | 2.60 | | | |
| 6/20/2017 | JW | Fee | 0.80 | Review A. Galloway's edits to reply brief and tighten further | 400.00 | 95,425.59 |
| | JW | | 0.80 | | | |
| 6/21/2017 | ACG | Fee | 4.50 | Begin drafting findings of fact and conclusions of law (4.2); | 1,462.50 | 96,888.09 |
| | JW | | 4.50 | correspond with L. Walker regarding damages charts (.1); confer with J. Wing regarding next steps (.2) | | |
| 6/21/2017 | JW | Fee | 0.30 | Instructions to client and A. Galloway on finishing damages | 150.00 | 97,038.09 |
| | JW | | 0.30 | calculations and charts | | |

Report Run: 10/9/2017
By: Esmeralda Valenzuela
ProVantage Custom

MacDonald Hoague & Bayless
**Client Ledger**

Fair Housing Center of Washington
Attn: Lauren Walker, Executive Director
1517 South Fawcett, Suite 250
Tacoma, WA 98402

10017-4 / JW / Contingent
Discrimination - Gen.
Fair Housing Violations

| Date | | Type | Hours | Description | Amount | Balance |
|---|---|---|---|---|---|---|
| 6/22/2017 | ACG JW | Fee | 5.40 5.40 | Continue drafting findings of fact / conclusions of law | 1,755.00 | 98,793.09 |
| 6/23/2017 | ACG JW | Fee | 7.50 7.50 | Finalize findings of fact/conclusions of law (3.1); Draft plaintiff's pre-trial statement (3.6); finalize cost charts (.8) | 2,437.50 | 101,230.59 |
| 6/26/2017 | JW JW | Fee | 0.40 0.40 | Strategize with J. Taren regarding damages requested and presentation of same | 200.00 | 101,430.59 |
| 6/27/2017 | JW JW | Fee | 0.30 0.30 | Review new case on fair housing damages from N.D. California | 150.00 | 101,580.59 |
| 6/28/2017 | JW JW | Fee | 0.30 0.30 | Call from client regarding supplementing initial disclosures with additional FHCW damages | 150.00 | 101,730.59 |
| 6/28/2017 | JW JW | Fee | 0.80 0.80 | Edit draft Plaintiff's Pretrial Statement | 400.00 | 102,130.59 |
| 6/29/2017 | JW JW | Fee | 0.30 0.30 | Review damages charts and approve for supplemental initial disclosures | 150.00 | 102,280.59 |
| 6/30/2017 | JW JW | Fee | 0.30 0.30 | Review and respond to client obtaining costs for remedial measures | 150.00 | 102,430.59 |
| 7/5/2017 | ACG JW | Fee | 1.70 1.70 | Revise and proofread Supplemental Initial Disclosures and confer with J. Wing, J. Taren and staff regarding same | 552.50 | 102,983.09 |
| 7/6/2017 | ACG JW | Fee | 1.50 1.50 | Revise plaintiff's pre-trial statement | 487.50 | 103,470.59 |
| 7/7/2017 | ACG JW | Fee | 0.50 0.50 | Correspond with Ms. Walker Lee regarding trial exhibits; review proposed trial exhibits | 162.50 | 103,633.09 |
| 7/11/2017 | ACG JW | Fee | 0.60 0.60 | Confer with T. Locati regarding net worth analysis of Defendants and gather records regarding same | 195.00 | 103,828.09 |
| 7/12/2017 | ACG JW | Fee | 8.70 8.70 | Review deposition transcript and highlight excerpts for trial designation (3.9); draft Third Supplemental Initial Disclosures (.6); finalize plaintiff's pre-trial statement (1.1); research property holdings of Defendants and process same as trial exhibits (3.1) | 2,827.50 | 106,655.59 |
| 7/13/2017 | ACG JW | Fee | 1.10 1.10 | Calls with judge's clerk and Mr. Hunter and confer with J Wing regarding same (.8); review net worth documents and confer with T. Locati and J. Wing regarding same (.3) | 357.50 | 107,013.09 |
| 7/13/2017 | JW JW | Fee | 0.30 0.30 | Confer with A. Galloway about call from court to move trial date | 150.00 | 107,163.09 |
| 8/5/2017 | JW JW | Fee | 0.70 0.70 | Edit draft trial brief | 350.00 | 107,513.09 |
| 8/7/2017 | ACG JW | Fee | 6.50 6.50 | Research and revise trial brief (6.4); confer with J. Wing regarding same (.1) | 2,112.50 | 109,625.59 |
| 8/15/2017 | ACG JW | Fee | 0.10 0.10 | Email correspondence with opposing counsel about pre-trial statement | 32.50 | 109,658.09 |

13

Report Run: 10/9/2017
By: Esmeralda Valenzuela
ProVantage Custom

**MacDonald Hoague & Bayless**
**Client Ledger**

Fair Housing Center of Washington
Attn: Lauren Walker, Executive Director
1517 South Fawcett, Suite 250
Tacoma, WA 98402

10017-4 / JW / Contingent
Discrimination - Gen.
Fair Housing Violations

| Date | | Type | | Hours | Description | Amount | Balance |
|------|------|------|------|-------|-------------|--------|---------|
| 8/15/2017 | JW<br>JW | Fee | | 0.20<br>0.20 | Email G. Hunter because Defendants' Pre-trial statement is overdue | 100.00 | 109,758.09 |
| 8/16/2017 | ACG<br>JW | Fee | | 0.10<br>0.10 | Email correspondence with opposing counsel | 32.50 | 109,790.59 |
| 8/22/2017 | ACG<br>JW | Fee | | 0.10<br>0.10 | Email to and voice mail from opposing counsel regarding overdue defendant's pre-trial statement | 32.50 | 109,823.09 |
| 8/23/2017 | JW<br>JW | Fee | | 1.30<br>1.30 | Review Defendants' Pre-trial statement; combine same with Plaintiff's Pre-trial Statement into proposed Pretrial Order, fill out chart for defendants' exhibits; and propose track changes to same as to admitting facts, and return to G. Hunter with lengthy email articulating next steps and proposing time to confer | 650.00 | 110,473.09 |
| 8/24/2017 | JW<br>JW | Fee | | 0.30<br>0.30 | Telephone conference with G. Hunter about proposed Pre-trial Order | 150.00 | 110,623.09 |
| 8/25/2017 | | Noncash Cost<br>Printing (In House) | | | Printing (In House) | 6.50 | 110,629.59 |
| 8/25/2017 | JW<br>JW | Fee | | 0.40<br>0.40 | Revise proposed Pre-trial Order based on meet-and-confer call with G. Hunter, and send him same | 200.00 | 110,829.59 |
| 8/26/2017 | JW<br>JW | Fee | | 1.80<br>1.80 | Revise trial brief | 900.00 | 111,729.59 |
| 8/28/2017 | ACG<br>JW | Fee | | 1.60<br>1.60 | Revise Trial Brief | 520.00 | 112,249.59 |
| 8/29/2017 | ACG<br>JW | Fee | | 0.10<br>0.10 | Confer with J. Wing regarding findings of fact (.1) | 32.50 | 112,282.09 |
| 8/29/2017 | JW<br>JW | Fee | | 0.20<br>0.20 | Secure agreement on final proposed Pretrial Order from G. Hunter | 100.00 | 112,382.09 |
| 8/30/2017 | JW<br>JW | Fee | | 2.40<br>2.40 | Edit proposed findings of fact/conclusions of law | 1,200.00 | 113,582.09 |
| 8/31/2017 | ACG<br>JW | Fee | | 2.60<br>2.60 | Proofread and revise findings of fact/conclusions of law | 845.00 | 114,427.09 |
| 9/1/2017 | JW<br>JW | Fee | | 0.70<br>0.70 | Finalize pre-trial filings (.4); read Defendants' trial brief (.3) | 350.00 | 114,777.09 |
| 9/6/2017 | JW<br>JW | Fee | | 0.80<br>0.80 | Discuss trial with L. Walker Lee; send her documents to review | 400.00 | 115,177.09 |
| 9/7/2017 | JW<br>JW | Fee | | 0.50<br>0.50 | Review news article on new DOJ settlement with landlord in Western Washington on familal status discrimination; instruct staff to locate DOJ press release regarding same and settlement agreement, which includes punitive damages, and strategize whether to introduce at trial, and if so how | 250.00 | 115,427.09 |
| 9/8/2017 | JW<br>JW | Fee | | 2.50<br>2.50 | Prepare for and attend pretrial conference (1.3); debrief with client about pretrial conference, discuss preparation for trial (.5); prepare trial notebook (.7) | 1,250.00 | 116,677.09 |

Report Run: 10/9/2017
By: Esmeralda Valenzuela
ProVantage Custom

**MacDonald Hoague & Bayless**
**Client Ledger**

Fair Housing Center of Washington
Attn: Lauren Walker, Executive Director
1517 South Fawcett, Suite 250
Tacoma, WA 98402

10017-4 / JW / Contingent
Discrimination - Gen.
Fair Housing Violations

| Date | | Type | | Description | Amount | Balance |
|------|------|------|------|-------------|--------|---------|
| 9/9/2017 | TLL | Cash Cost<br>Search fee | | Reimburse T. Locati for Jul/17 Online Database Searches -<br>LexisNexis Risk Data<br>Check # 74474<br>Troy L. Locati | 87.62 | 116,764.71 |
| 9/11/2017 | JW<br>JW | Fee | 2.10<br>2.10 | Prepare L. Walker Lee for direct examination at trial | 1,050.00 | 117,814.71 |
| 9/13/2017 | ACG<br>JW | Fee | 2.10<br>2.10 | Confer with J. Wing regarding trial strategy, etc. (.6); make list of<br>factual findings already on the record (1.5) | 682.50 | 118,497.21 |
| 9/13/2017 | JW<br>JW | Fee | 2.50<br>2.50 | Prepare opening statement | 1,250.00 | 119,747.21 |
| 9/13/2017 | JW<br>JW | Fee | 4.50<br>4.50 | Prepare outline and questions for direct exam of L. Walker Lee at<br>trial; review Pre-Trial Order, exhibits, and proposed findings of<br>fact/conclusions of law and weave in needed facts and references<br>to same | 2,250.00 | 121,997.21 |
| 9/14/2017 | ACG<br>JW | Fee | 1.30<br>1.30 | Make list of factual findings already on the record | 422.50 | 122,419.71 |
| 9/14/2017 | JW<br>JW | Fee | 3.60<br>3.60 | Research and prepare closing argument | 1,800.00 | 124,219.71 |
| 9/14/2017 | JW<br>JW | Fee | 5.80<br>5.80 | Read deposition transcript of Defendant F. Breier-Scheetz, review<br>Defendants' inital and supplemental discovery responses, Pre-trial<br>Order and trial exhibits, SOCR declarations of Scheetz and Huths,<br>SOCR finding, initial HUD Complaint, settlement letters, trial<br>declarations by Defendant, and unused deposition exhibits;<br>prepare cross examination of Defendant Scheetz for trial | 2,900.00 | 127,119.71 |
| 9/15/2017 | ACG<br>JW | Fee | 1.80<br>1.80 | Read and revise supplemental briefing on punitive damages;<br>confer with J. Wing regarding same | 585.00 | 127,704.71 |
| 9/15/2017 | JW<br>JW | Fee | 1.80<br>1.80 | Research and prepare supplemental trial brief on due process<br>limits of punitive damages, per instruction of court during pretrial<br>conference | 900.00 | 128,604.71 |
| 9/15/2017 | JW<br>JW | Fee | 1.30<br>1.30 | Revise and edit questions for trial witnesses | 650.00 | 129,254.71 |
| 9/16/2017 | JW<br>JW | Fee | 2.10<br>2.10 | Edit, tighten, and finalize opening and closing for trial | 1,050.00 | 130,304.71 |
| 9/16/2017 | JW<br>JW | Fee | 0.30<br>0.30 | Send my revised direct testimony questions to L. Walker Lee | 150.00 | 130,454.71 |
| 9/17/2017 | JW<br>JW | Fee | 2.50<br>2.50 | Review trial plan, proposed findings of fact/conclusions of law, trial<br>brief, Pretrial Order, and direct and cross examination, and trial<br>exhibits for trial tomorrow | 1,250.00 | 131,704.71 |
| 9/18/2017 | ACG<br>JW | Fee | 3.50<br>3.50 | Attend and participate in trial | 1,137.50 | 132,842.21 |

Report Run: 10/9/2017
By:  Esmeralda Valenzuela
ProVantage Custom

**MacDonald Hoague & Bayless**
**Client Ledger**

Fair Housing Center of Washington
Attn: Lauren Walker, Executive Director
1517 South Fawcett, Suite 250
Tacoma, WA 98402

10017-4 / JW / Contingent
Discrimination - Gen.
Fair Housing Violations

| Date | | Type | Hours | Description | Amount | Balance |
|------|------|------|------|-------------|--------|---------|
| 9/18/2017 | JW<br>JW | Fee | 3.00<br>3.00 | Conduct trial on damages and injunctive relief | 1,500.00 | 134,342.21 |
| 9/19/2017 | JW<br>JW | Fee | 0.20<br>0.20 | Read Court's minute order on damages and injunctive relief trial | 100.00 | 134,442.21 |
| 9/20/2017 | JW<br>JW | Fee | 1.30<br>1.30 | Research and prepare second supplemental trial brief on punitive damages standards under Fair Housing Act | 650.00 | 135,092.21 |
| 9/25/2017 | JW<br>JW | Fee | 3.40<br>3.40 | Post-trial prepare declaration in support of motion for fees | 1,700.00 | 136,792.21 |
| 9/27/2017 | JW<br>JW | Fee | 5.40<br>5.40 | Research and prepare motion for attorney fees and costs | 2,700.00 | 139,492.21 |
| 9/28/2017 | JW<br>JW | Fee | 0.70<br>0.70 | Send requests for fee declarations in support of MHB attorney rates; send caption and prepare and send bios | 350.00 | 139,842.21 |
| 9/28/2017 | JW<br>JW | Fee | 3.70<br>3.70 | Continue preparing declaration in support of attorney fees and costs; collect exhibits to same; review billings for case, and correct typographical errors | 1,850.00 | 141,692.21 |
| 10/2/2017 | JW<br>JW | Fee | 0.80<br>0.80 | Research FRCP 54, review docket entry directing filing of fees motion, contact defense counsel about same, contact court to seek clarificaton about deadline, and report back to defense counsel | 400.00 | 142,092.21 |
| 10/3/2017 | JW | Cash Cost<br>Parking | | 9/18/17 J. Wing Parking during day of trial (City of Seattle) | 6.80 | 142,099.01 |
| 10/3/2017 | JW | Cash Cost<br>Parking | | 9/18/17 J. Wing Parking during day of trial (Pioneer Square Garage) | 9.00 | 142,108.01 |
| 10/3/2017 | JW | Cash Cost<br>Parking | | 9/18/17 J. Wing Parking during day of trial (Imperial Parking) | 18.00 | 142,126.01 |
| 10/8/2017 | JW<br>JW | Fee | 2.10<br>2.10 | Prepare motion for attorney's fees and costs | 1,050.00 | 143,176.01 |
| 10/9/2017 | JW | Cash Cost<br>Expert | | Fee for Expert Witness Declaration - Dr. Avery "Pete" Guest | 5,200.00 | 148,376.01 |
| 10/9/2017 | JW<br>JW | Fee | 3.30<br>3.30 | Finalize declaration and motion for fees | 1,650.00 | 150,026.01 |

Report Run: 10/9/2017
By:  Esmeralda Valenzuela
ProVantage Custom

MacDonald Hoague & Bayless
**Client Ledger**

Fair Housing Center of Washington
Attn: Lauren Walker, Executive Director
1517 South Fawcett, Suite 250
Tacoma, WA 98402

10017-4 / JW / Contingent
Discrimination - Gen.
Fair Housing Violations

### Fee Summary

| Work. Tkpr. | Cap. Tkpr. | Original Rate | Prorated Rate | Original Hours | Billable Hours | Fee Amount | Fee Adjustment | Work Value |
|---|---|---|---|---|---|---|---|---|
| ACG | JW | 325 | 325 | 136.60 | 136.60 | 44,395.0 | 0.00 | 44,395.00 |
| JW | JW | 500 | 500 | 190.70 | 190.70 | 95,350.0 | 0.00 | 95,350.00 |
| SJK | JW | 275 | 275 | 8.60 | 8.60 | 2,365.0 | 0.00 | 2,365.00 |
| **Fee Totals** | | | | **335.90** | **335.90** | **142,110.00** | **0.00** | **142,110.00** |

### Cost Summary

| Code | Description | Cost Amount | Cost Adjustment | Cost Total |
|---|---|---|---|---|
| 714/717NC | Photocopies / Printing (In House) | 145.30 | 0.00 | 145.30 |
| 721 | Deposition | 395.64 | 0.00 | 395.64 |
| 725 | Court Reporter | 1,493.70 | 0.00 | 1,493.70 |
| 741 | Filing Fee-U.S. District Court | 400.00 | 0.00 | 400.00 |
| 794 | Research fees | 102.92 | 0.00 | 102.92 |
| 805 | Service of Process | 99.00 | 0.00 | 99.00 |
| 824 | Parking | 79.45 | 0.00 | 79.45 |
| 830 | Expert Witness | 5,200.00 | 0.00 | 5,200.00 |
| **Cost Total** | | **7,916.01** | **0.00** | **7,916.01** |

### Category Breakdown

| | Cumulative | Payments | Adjustments | Balance |
|---|---|---|---|---|
| Fees | 142,110.00 | 0.00 | 0.00 | 142,110.00 |
| Cash Costs | 7,770.71 | 0.00 | 0.00 | 7,770.71 |
| Noncash Costs | 145.30 | 0.00 | 0.00 | 145.30 |
| **Totals** | **150,026.01** | **0.00** | **0.00** | **150,026.01** |

## EXHIBIT 2

## TO

## DECLARATION OF JESSE WING IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

**MHB** | MacDonald Hoague & Bayless
ATTORNEYS AND COUNSELORS AT LAW

705 Second Avenue
Suite 1500
Seattle, Washington
98104-1745

Tel 206.622.1604
Fax 206.343.3961

Alec Bayless (1921-1991)
Francis Hoague (1909-1993)
Kenneth A. MacDonald (1917-2012)

Miguel A. Bocanegra
Tiffany M. Cartwright
Katherine C. Chamberlain
Andrew T. Chan
Kirsten Eklund
Timothy K. Ford
Katrin E. Frank
Angela C. Galloway
Ester Greenfield
Leslie J. Hagin
Ralph Hua
Joe Shaeffer
David J. Whedbee
Jesse Wing
Lola S. Zakharova

June 30, 2016

Frederick Breier-Scheetz
1402 Third Avenue, Suite 826
Seattle, WA 98101

Re:     Granada Apartments

Dear Mr. Breier-Scheetz:

I represent the Fair Housing Center of Washington, which has filed the enclosed lawsuit against you and your company, Breier-Scheetz Properties, LLC, for fair housing violations. Also enclosed is a waiver of service form. Please read it carefully and consider signing and returning it to me by the deadline listed in the form. If you do not sign and return the form to me by the deadline, we will have to hire a process server to serve you with the enclosed Complaint and Summons. Without delay, we will be entitled to recover from you the cost of doing so. Finally, if you are interested in resolving this lawsuit without incurring additional litigation expenses, feel free to contact me at the number above.

Very truly yours,

MacDonald Hoague & Bayless

Jesse Wing
Attorney

JW:ljf
Enclosure

# EXHIBIT 3

TO

DECLARATION OF JESSE WING IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND
COSTS



705 Second Avenue
Suite 1500
Seattle, Washington
98104-1745

English   206.622.1604
Español   206.694.1685
Fax   206.343.3961

Alec Bayless (1921-1991)
Francis Hoague (1909-1993)
Kenneth A. MacDonald (1917-2012)

Miguel A. Bocanegra
Tiffany M. Cartwright
Katherine C. Chamberlain
Andrew T. Chan
Kirsten Eklund
Timothy K. Ford
Katrin E. Frank
Angela C. Galloway
Ester Greenfield
Leslie J. Hagin
Ralph Hua
Joe Shaeffer
David J. Whedbee
Jesse Wing
Lola S. Zakharova

August 3, 2016

George T. Hunter
Attorney at Law
5900 48th Avenue South
Seattle, WA 98118

     Re:    FHCW v. Scheier (Granada)

Dear George:

     When we spoke, I asked whether your client has considered settlement. You responded that he intends to maintain his one-person per unit policy, but nevertheless invited us to make a proposal to take to him. I am writing to make a settlement proposal.

     At the outset, I encourage your client to reconsider his intention to keep his policy. Consistent with SOCR's findings that your client's occupancy restriction constitutes illegal discrimination through disparate impact, there is ample precedent establishing that even *less* restrictive occupancy restrictions than one person per bedroom violate the Fair Housing Act, and rejecting business justifications far more tenable than what he has asserted. Here are just a few of the opinions from district courts in this circuit and elsewhere from the past 25 years right up to last month:

- *Rhode Island Comm'n for Human Rights v. Graul*, 120 F. Supp. 3d 110 (D.R.I. 2015) (holding on summary judgment, policy requiring minimum of 170 square feet for a family of three had disparate impact on families with children in violation of FHA and Rhode Island law)

- *Gashi v. Grubb & Ellis Prop. Mgmt. Servs., Inc.*, 801 F. Supp. 2d 12, 16 (D. Conn. 2011) (holding on summary judgment, policy limiting occupancy to no more than two persons per bedroom had a disparate impact on families with children, in violation of the FHA)

George T. Hunter
August 3, 2016
Page 2

- *United States v. Tropic Seas, Inc.*, 887 F. Supp. 1347 (D. Haw. 1995) (holding on summary judgment, landlord's rule against occupancy of studio or one-bedroom apartment by more than two persons violated FHA)

- *Fair Hous. Council of Orange Cty., Inc. v. Ayres*, 855 F. Supp. 315, 318 (C.D. Cal. 1994) (granting summary judgment for Plaintiffs against landlord's enforcement of two-person per bedroom occupancy restriction, rejecting as insufficient Defendant's offered business justification "to prevent damage and destruction to the apartments from excessive wear and tear" "to keep the property in good repair and to reduce ongoing maintenance and eventual resale costs.")

- *United States v. Hover*, No. C 93-20061 JW, 1995 WL 55379, at *3 (N.D. Cal. Feb. 8, 1995) (after trial, verdict for plaintiff because: "The defendant's occupancy standard of 'one person per bedroom plus one' has a discriminatory effect on families with minor children. There are 153 two bedroom units at Casa Alondra and 30 three-bedroom units. Although on its face, defendant's policy appears to treat adults and children similarly, and children do reside at Casa Alondra, the restriction has a disparate impact on intact couples with two children and couples with more than two children. By refusing to allow occupancy by couples with one child in a one bedroom unit, prohibiting two children in two bedroom units, and absolutely refusing to rent to couples with more than two children, defendants exclude a large percentage of families with children from renting mobile homes at Casa Alondra.")

- *United States v. Badgett*, 976 F.2d 1176, 1178 (8th Cir. 1992) (reversing trial court and finding that landlord's limit on occupancy of one-bedroom apartments to one person violated the Fair Housing Act)

- *United States v. Lepore*, 816 F. Supp. 1011, 1023 (M.D. Pa. 1991) (entering verdict for plaintiffs after trial, holding that "the two person limitation violates the amended Fair Housing Act and that the Lepores' actions in enforcing that limitation violated the Meilers' rights, the court cannot say that the two person requirement is reasonable when defendants have never attempted any alternative," and rejecting inadequate septic system as defense)

- *Crossroads Residents Organized for Stable & Secure ResiDencieS v. MSP Crossroads Apartments LLC, & Soderberg Apartment Specialists*, No. CV 16-233 ADM/KMM, 2016 WL 3661146, at *9 (D. Minn. July 5, 2016) (denying motion to dismiss, holding "Because nearly all units at the complex have only one bedroom, Defendants' occupancy standard effectively prohibits more than two persons from living together in one unit. *Id.* A significant proportion of families

George T. Hunter
August 3, 2016
Page 3

> with children, however, consist of three or more persons. Unsurprisingly, many
> cases finding that an occupancy standard had a disparate impact based on familial
> status involved a limit of 2 persons per unit.")

During our conversation, unless I misunderstood what you said, you were suggesting that the relevant statistical analysis would be of applicants to your client's property, rather than the local housing market. If that is indeed what you have in mind, that is inconsistent with all of the precedent cited above and well-established Ninth Circuit precedent. *See, e.g.*, *Budnick v. Town of Carefree*, 518 F.3d 1109, 1119 (9th Cir. 2008) (citing *Mountain Side Mobile Estates P'ship v. Sec. of Housing and Urban Dev.*, 56 F.3d 1243, 1253 (10th Cir. 1995) ("In this case, the appropriate comparables must focus on the local housing market and local family statistics."). *See also Betsy v. Turtle Creek Assn.*, 736 F.2d 963, 988 (4th Cir. 1984) (same).

The Fair Housing Center's mission is to advance fair housing rights, which includes ensuring that housing is made available to families with children, and not refused on an arbitrary basis. We believe that your client's current occupancy restriction is merely a preference without a sound, legitimate basis. The Seattle habitability code would allow as many as six occupants in a 400 foot apartment. Your client will have to show why it refuses not just six, or five, or four, or three, but even just two occupants. Rather than start negotiating with your client at six occupants, we have decided to skip directly to what the FHCW would find acceptable: for the purpose of resolving this matter through settlement, the FHCW would agree to a restriction of three persons per studio. That would allow a basic family—two parents and their child—to occupy a unit. If your client is willing to agree to that number, then we can discuss other terms, which at this point would be premature if we can't reach agreement on the core goal of this litigation.

We look forward to hearing from you.

Very truly yours,

MACDONALD HOAGUE & BAYLESS

Jesse Wing
Attorney

JW:ljf

# **EXHIBIT 4**

## TO

## DECLARATION OF JESSE WING IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

**MHB** MacDonald Hoague & Bayless
ATTORNEYS AND COUNSELORS AT LAW

705 Second Avenue
Suite 1500
Seattle, Washington
98104-1745

**English** 206.622.1604
**Español** 206.694.1685
**Fax** 206.343.3961

Alec Bayless (1921-1991)
Francis Hoague (1909-1993)
Kenneth A. MacDonald (1917-2012)

Miguel A. Bocanegra
Tiffany M. Cartwright
Katherine C. Chamberlain
Andrew T. Chan
Kirsten Eklund
Timothy K. Ford
Katrin E. Frank
Angela C. Galloway
Ester Greenfield
Leslie J. Hagin
Ralph Hua
Sam Kramer
Joe Shaeffer
Jeffrey L. Taren
Eryne Walvekar
David J. Whedbee
Jesse Wing
Lola S. Zakharova

May 17, 2017

**VIA EMAIL**

George T. Hunter
Attorney at Law
5900 48th Avenue South
Seattle, WA 98118

Dear George:

In his granting summary judgment, Judge Zilly ordered the Plaintiff to submit supplemental briefing on injunctive relief. In the meantime, however, he wrote that he "encourages the parties to confer and attempt to reach agreement on the remedies that are appropriate in this case" as to injunctive relief. Dkt. 42 at 10. In my Complaint and Counter-Motion for Summary Judgment, and in a settlement letter to you dated August 3, 2016, I identified a variety of injunctive measures that the Plaintiff seeks and which we believe are appropriate and have been ordered in other cases. In the spirit of the Court's order, I invite Defendants to respond to our proposals and arrange a time to discuss them with me to see if we can reach agreement. We would need to reach agreement by March 24 (the middle of next week), to afford me adequate time to prepare briefing for the Court if there is no agreement. Please also let me know if Defendants want to make an offer to resolve the damages without necessity of a trial.

Very truly yours,

MacDonald Hoague & Bayless

Jesse Wing
Attorney

JW:ev

10017.04 ks178501

www.mhb.com