1

Honorable Thomas S. Zilly

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

FAIR HOUSING CENTER OF
WASHINGTON,

9

Plaintiff,

10

11

v.

12

BREIER-SCHEETZ PROPERTIES, LLC, a
Washington corporation; and FREDERICK
BREIER-SCHEETZ, an individual,

13

14

Defendants.

No. 2:16-cv-00922-MAT

PLAINTIFF'S PETITION FOR AN ORDER
TO SHOW CAUSE WHY DEFENDANTS
SHOULD NOT BE HELD IN CIVIL
CONTEMPT AND FOR ACTUAL AND
PUNITIVE DAMAGES

Noted for Hearing:  June 15, 2018

15

16          NOW COMES THE PLAINTIFF, the Fair Housing Center of Washington, and hereby

17    moves this Honorable Court for entry of an Order to Show Cause why defendants Breier-Scheetz

18    Properties, LLC and Frederick Breier-Scheetz should not be held in contempt of court for

19    violating this Court's injunction entered October 6, 2017 (Docket Entry 61) by continuing to

20    enforce a one-person per studio bedroom occupancy limit after this Court held that limit violated

21    the Fair Housing Act, the Washington Law Against Discrimination, and the Seattle Municipal

22    Code and permanently enjoined Defendants from continuing their illegal policy.  Plaintiff is

23    seeking immediate enforcement of this Court's injunctive relief order, additional compensatory

24    damages, additional punitive damages, attorney's fees and other affirmative remedial relief.  *See*

25    *South Suburban Housing Center v. Berry,* 186 F.3d 851 (7th Cir. 1999).  In support of this

26    Motion, Plaintiff states:

27

PLAINTIFF'S PETITION FOR AN ORDER TO SHOW CAUSE
WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL
CONTEMPT (No. 2:16-cv-00922-MAT) - 1

10017.04 le146701

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1.      By Order dated May 12, 2017 (Docket Entry 42), this Court granted summary judgment in favor of the Plaintiff in this housing discrimination case and held that, "Defendants' one-person-per studio occupancy restriction at the Granada has a disparate impact on families with children in violation of the Fair Housing Act, Washington Law Against Discrimination, and Seattle Municipal Code."

2.      On June 2, 2017 (Docket Entry 43), Plaintiff filed a Supplemental Brief in Support of Injunctive Relief, with attached Exhibits, seeking entry of a permanent injunction prohibiting the continuance of the discriminatory one-person-per studio apartment occupancy policy.

3.      By Minute Order entered September 19, 2017 (Docket Entry 58), this Court entered judgment on the actual damage award and further stated, "Injunctive relief will also be awarded."

4.      On October 5, 2017, after an evidentiary trial on appropriate relief, this Court awarded the Plaintiff $27,302 in actual damages against the Defendants related to its diversion of resources.

5.      The Court also awarded Plaintiff $100,000.00 in punitive damages against Defendants after finding that the Defendants exhibited a "level of recklessness or callous indifference to the fair housing rights of others, and that punitive damages are necessary to deter future conduct."  Docket Entry 42, ¶ 9.  The Court further held in finding 11:

> Defendants' stated justifications for their occupancy restriction were insufficient. They maintained their illegitimate occupancy restriction excluding families with children after FHCW filed its complaint, after SOCR issued its findings of discrimination, after FHCW filed this lawsuit, and after FHCW's expert submitted an unchallenged expert declaration showing the adverse impact on families with children. On the basis of this evidence, the Court awards punitive damages against Defendant Breier-Scheetz Properties LLC's and Frederick Breier-Scheetz in the total amount of $100,000.  The Court concludes that these punitive damages are 'both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered.' *State Farm Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003).

PLAINTIFF'S PETITION FOR AN ORDER TO SHOW CAUSE
WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL
CONTEMPT (No. 2:16-cv-00922-MAT) - 2

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10017.04 le146701

6.     On October 6, 2017 (Docket Entry 61), this Court entered judgment, including injunctive relief, ordering the following:  "Defendants are forever permanently enjoined from enforcing any occupancy restriction which violates the Fair Housing Act, the Washington Law Against Discrimination, RCW 49.60.222(1), or the Seattle Open Housing Ordinance, Seattle Municipal Code 14.08."

7.     In blatant violation of this Court's Orders and despite having a $100,000 punitive damage award assessed against them, the Defendants have never changed their discriminatory occupancy policy and have continued **to this day** to exclude families with children by restricting occupancy of the studio apartments at the Granada to one person.

8.     In accordance with this Court's Order, Plaintiff Fair Housing Center of Washington recently conducted two tests of the Granada Apartments to see whether the Defendants had complied with the Court's permanent injunction.  More than six (6) months after judgment was entered, on April 24, 2018, at 1:30 pm, Plaintiff caused Tester #489 to respond to an advertisement on Craigslist for an available studio apartment at the Granada Apartments. The Tester spoke with a woman who answered the phone saying, "Granada Apartments this is Susie." Plaintiff has reason to believe this was Granada Apartment Manager Susanne Harper, identified in the November 2016 Answers to Interrogatories (Docket 18, Ex. 1 to Declaration of Jesse Wing in Support of Motion for Summary Judgment) as its agent.

9.     Tester #489 stated, "Hi Susie. I'm calling because I'm looking for a studio apartment for me and my son."  Susie responded, "**We only rent studios for one person**." When the Tester told Susie that her son was only three months old, Susie replied "unfortunately its only allowed for one person."  *See* Declaration of Tester #489, attached hereto as Exhibit 1.[1]

10.     The same day at 2:39 pm on April 24, 2018, Tester #471 called Granada Apartments and spoke with Susie, saying she was looking for a studio apartment "for myself." Susie informed Tester #471 that there was one unit available right now, referring to the unit as a

---

[1] This Court previously entered an Agreed Protective Order, allowing the Plaintiff to redact the names of its Testers.  (Docket Entry 31.)

PLAINTIFF'S PETITION FOR AN ORDER TO SHOW CAUSE
WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL
CONTEMPT (No. 2:16-cv-00922-MAT) - 3

10017.04 le146701

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1  "super studio" of 560 sq. ft. and that it has a second room.  Susie told Tester#471 that she should

2  come in person to view the unit and then fill out an application.  Declaration of Tester #471,

3  attached hereto as Exhibit 2.

4        11.    On May 7, 2018, the Plaintiff caused a second test to be conducted at the Granada

5  Apartments.  At 9:30 am, Tester #303 telephoned Granada Apartments and spoke with a woman

6  who identified herself as "Susie Harper."  Tester #303 told Ms. Harper that she was looking for a

7  studio apartment for her 4 ½ month old daughter and herself as soon as possible.  Ms. Harper

8  informed Tester #2 that there were no available units at that time and then stated that "**the**

9  **studios are only for one person** and the one bedrooms are for two people but neither are

10  available."  Declaration of Tester #303, attached hereto as Exhibit 3.

11        12.    The Defendants' complete disregard for this Court's ruling that their conduct

12  violates federal, state, and local law and discriminates against families with children, and their

13  violation of the permanent injunction entered against them is a continuation of Defendants'

14  reckless disregard for the rights of the Plaintiff and of families with children throughout the

15  Seattle area.  It is likely that scores of women and men with children have been turned away

16  from the Granada subsequent to this Court's findings and Order entered more than six (6)

17  months ago.

18        13.    The imposition of $100,000.00 in punitive damages, $27,302 in actual damages

19  and $184,741.01 in attorney's fees (none of which Defendants have paid), and the issuance of a

20  permanent injunction have done nothing to deter the Defendants from continuing to commit

21  daily discriminatory conduct, which is an affront to this Court and to the administration of

22  justice.

23        WHEREFORE, Plaintiff respectfully requests that this Court:

24        A.    Issue an Order to Show Cause why the Defendants should not be held in contempt

25  of this Court's Order of October 6, 2017;

26        B.    After a Finding of Contempt, enter an Order enforcing the injunction previously

27  entered against Defendants under penalty of incarceration, and requiring Defendants to take

PLAINTIFF'S PETITION FOR AN ORDER TO SHOW CAUSE
WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL
CONTEMPT (No. 2:16-cv-00922-MAT) - 4

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10017.04 le146701

affirmative remedial action to notify persons rejected since October 2017 for occupancy as a result of the Defendants' discriminatory policy and the general public, of their right to pursue a remedy against Defendants under the Fair Housing Act, Washington Law Against Discrimination, and Seattle Municipal Code;

      C.      After a Finding of Contempt, grant actual damages to the Plaintiff for its diversion of resources;

      D.      After a Finding of Contempt, grant additional punitive damages against Defendants in an amount in excess of $1,000,000.00, necessary to punish Defendants' persistent and willful intransigence and deter future violations;

      E.      Award Plaintiff their reasonable attorney's fees and costs associated with this proceedings; and

      F.      Grant such other relief as this Court sees fit and just.

Respectfully submitted this 25th day of May, 2018.

MacDONALD HOAGUE & BAYLESS

By: */s/ Jesse Wing*
    Jesse Wing, WSBA #27751
    JesseW@MHB.com
    Jeffrey L. Taren , WSBA #50275
    JeffreyT@mhb.com

PLAINTIFF'S PETITION FOR AN ORDER TO SHOW CAUSE
WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL
CONTEMPT (No. 2:16-cv-00922-MAT) - 5

10017.04 le146701

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1

<u>CERTIFICATE OF SERVICE</u>

2

     I certify that on this date, I electronically filed the foregoing document with the Clerk of

3

the Court using the CM/ECF system, which will send notification of such filing to the following

4

CM/ECF participant:

5

    George T. Hunter:     gthunter7700@gmail.com

6

7

    Dated:  May 25, 2018

8

9

                                    */s/ Jesse Wing*

10

                                      Jesse Wing, WSBA #27751

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S PETITION FOR AN ORDER TO SHOW CAUSE
WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL
CONTEMPT (No. 2:16-cv-00922-MAT) - 6

10017.04 le146701

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961