UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FAIR HOUSING CENTER OF
WASHINGTON,

          Plaintiff,

    v.

BREIER-SCHEETZ PROPERTIES,
LLC, a Washington corporation; and
FREDERICK BREIER-SCHEETZ, an
individual,

          Defendants.

C16-922 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    Plaintiff's Petition for an Order to Show Cause Why Defendants Should Not Be Held in Civil Contempt and for Actual and Punitive Damages, docket no. 76 (the "Petition to Show Cause"), is GRANTED in part and DEFERRED in part. The Petition to Show Cause seeks enforcement of the Court's October 6, 2017, Judgment in a Civil Case, docket no. 61 (the "Judgment"), awarding Plaintiff damages and "forever permanently enjoin[ing Defendants] from enforcing any occupancy restriction which violates the Fair Housing Act, the Washington Law Against Discrimination, RCW 49.60.222(1), or the Seattle Open Housing Ordinance, Seattle Municipal Code 14.08." Citing Federal Rule of Civil Procedure 65(d), Defendants argue that they "cannot know whether any 'occupancy restriction' beyond the one-person per studio policy, that it might implement, would be judged violative of the law." Defendants' Response to Petition for Order to Show Cause, docket no. 83, at 2–3. The Court rejects this argument and concludes that its Judgment enjoining Defendants from violating the law is valid

MINUTE ORDER - 1

under Rule 65(d) because it sufficiently describes in enough detail what conduct is actually prohibited. *Carrillo v. Schneider Logistics, Inc.*, 501 Fed. Appx. 713, 716 (9th Cir. 2012); *Perez v. United States Postal Serv.*, 76 F. Supp. 3d 1168, 1198 (W.D. Wash. 2015) ("[T]he Ninth Circuit allows for injunctions that track statutory mandates." (citing *United States v. Miller*, 588 F.2d 1256, 1261 (9th Cir. 1978); *Freitag v. Ayers*, 468 F.3d 528, 537 (9th Cir. 2006)). The Court DEFERS any evidentiary hearing to show cause pending Defendants' appeal to the United States Court of Appeals to the Ninth Circuit. *See* docket no. 68.

(2) Defendants' Motion to Stay Pending Appeal, docket no. 84, is GRANTED in part and DENIED in part. The Court STAYS (1) enforcement of the Judgment as to actual and punitive damages, conditioned upon Defendants posting a supersedeas bond in the amount of $130,762.36 no later than Friday, September 7, 2018, and (2) enforcement of the December 1, 2017, Supplemental Judgment in a Civil Case, docket no. 74, awarding attorney's fees and costs, conditioned upon Defendants posting a supersedeas bond in the amount of $189,762.69 no later than Friday, September 7, 2018, while Defendants' appeal to the Ninth Circuit remains pending. *See* docket no. 68. Defendants' request to stay the injunctive portion of the Judgment is DENIED. Defendants have not identified what injury, if any, they or any other interested party will suffer if a stay is not issued and Defendants are forced to comply with the Fair Housing Act, the Washington Law Against Discrimination, RCW 49.60.222(1), and the Seattle Open Housing Ordinance, Seattle Municipal Code 14.08. *See Leiva-Perez v. Holder*, 640 F.3d 962, 964–66 (9th Cir. 2011). The Court presumes that issuing a stay would substantially injure those potential tenants denied housing under Defendants' improper housing policies in violation of the Fair Housing Act, *see, e.g.*, *Manhart v. Los Angeles Dep't of Water & Power*, 387 F. Supp. 980, 984 (9th Cir. 1976), and the Court concludes that, for these same reasons, issuing a stay would be against public interests.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 29th day of August, 2018.

                                                 William M. McCool
                                                 Clerk

                                                 s/Karen Dews
                                                 Deputy Clerk