**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FAIR HOUSING CENTER OF WASHINGTON,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>BREIER-SCHEETZ PROPERTIES, LLC, a Washington corporation and FREDERICK BREIER-SCHEETZ, an individual,<br><br>Defendants-Appellants. | No.   17-35898<br><br>D.C. No. 2:16-cv-00922-TSZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted October 10, 2018
Seattle, Washington

Before:  BLACK,[**] PAEZ, and BEA, Circuit Judges.

Breier-Scheetz Properties, LLC and Frederick Breier-Scheetz (collectively "Breier-Scheetz") appeal the district court's judgment in favor of the Fair Housing

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Susan H. Black, United States Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

Center of Washington ("Fair Housing Center").  The Fair Housing Center challenged Breier-Scheetz's policy of restricting occupancy in certain studio apartments to one-person-per-studio, arguing that this policy has a disparate impact on families in violation of the Fair Housing Act, Washington Law Against Discrimination, and Seattle Municipal Code.  On appeal, Breier-Scheetz challenges the district court's grant of partial summary judgment to the Fair Housing Center as well as the district court's award of punitive damages.  We affirm.

**1.**  We review de novo the district court's grant of partial summary judgment to the Fair Housing Center.  See *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 447 (9th Cir. 2018).  In the district court, Breier-Scheetz admitted that the Fair Housing Center established a prima facie case of disparate impact discrimination.  Thus, Breier-Scheetz was required to justify its one-person-per-studio occupancy as "necessary to achieve one or more substantial, legitimate, nondiscriminatory interests."  24 C.F.R. § 100.500.[1]  This standard is analogous to the "business necessity" defense under Title VII.  See *Tex. Dep't of Hous. & Cmty. Affairs*, 135

---

[1] Under 24 C.F.R. § 100.500, when a plaintiff establishes a prima facie case of disparate impact, the burden of proof shifts to the defendant to prove—through evidence that is not speculative or hypothetical—that the challenged policy is "necessary to achieve one or more substantial, legitimate, nondiscriminatory interests."  *See also Tex. Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 135 S. Ct. 2507, 2514–15 (2015) (recognizing 24 C.F.R. § 100.500 as establishing the liability framework for disparate impact claims brought under the Fair Housing Act); *Ave. 6E Invs., LLC v. City of Yuma*, 818 F.3d 493, 510 (9th Cir. 2016).

S. Ct. at 2522. Breier-Scheetz has never argued that its one-person-per-studio occupancy policy is necessary to achieve any substantial, legitimate, nondiscriminatory interest; Breier-Scheetz has only argued that its policy is reasonable.

The only evidence that Breier-Scheetz submitted to support the reasonableness of its policy—a declaration by part-owner Frederick Scheetz uncorroborated by any independent expert or supporting documentation—is too "hypothetical" and "speculative" to carry its burden of proof. 24 C.F.R. § 100.500(b). Thus, Breier-Scheetz has not met its burden of proof to rebut the Fair Housing Center's prima facie case of disparate impact discrimination. Accordingly, we conclude that the district court correctly granted partial summary judgment to the Fair Housing Center on its Fair Housing Act claim.

**2.** We review the district court's award of punitive damages for abuse of discretion and its factual findings underlying the award for clear error. *See Fair Hous. v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *In re Wolverton Assocs.*, 909 F.2d 1286, 1297 (9th Cir. 1990). We will only disturb a district court's award of punitive damages if we are "convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000).

A district court may award punitive damages for violations of the Fair

3

Housing Act where a defendant's unlawful activity "involves reckless or callous indifference to the federally protected rights of others." *Fair Hous.*, 285 F.3d at 906.  Where a defendant engages in discrimination "in the face of a *perceived risk* that [his or her] actions will violate federal law," such conduct may constitute reckless indifference.  *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999) (emphasis added).

      The district court, in its Findings of Fact and Conclusions of Law, concluded that Breier-Scheetz's "actions rise to the level of recklessness or callous indifference to the fair housing rights of others."  The district court had the opportunity to observe the demeanor of part-owner and witness Frederick Scheetz and found that Scheetz recklessly ignored "several wake-up calls" that the one-person-per-studio policy infringed on families' fair housing rights.  Scheetz testified at the bench trial on damages that Breier-Scheetz did not change the one-person-per-studio policy after the Seattle Office of Civil Rights found that the occupancy restriction violated fair housing laws.  Breier-Scheetz also did not revise the policy when an expert opined that the restriction created a disparate impact on families.  Finally, Scheetz testified that Breier-Scheetz did not change its occupancy policy in the four months between the district court's finding that Breier-Scheetz was violating the Fair Housing Act and the bench trial on damages.  At that point, Breier-Scheetz did not just discriminate in the face of a *perceived*

*risk* that its actions would violate federal law; it continued to discriminate in the face of the district court's ruling that its policy violated the Fair Housing Act.[2] We hold that the district court's findings were not clearly erroneous and, consequently, the court did not abuse its discretion in awarding punitive damages.

Because we affirm the district court's finding of liability and grant of relief solely with reference to the Fair Housing Act claim, we do not address the Fair Housing Center's state or local claims of housing discrimination.

**AFFIRMED.**

---

[2] The district court also entered an injunction on October 6, 2017, ordering Breier-Scheetz to change its occupancy policy. Though not relevant to our review of the district court's award of punitive damages, as of the date of oral argument on October 10, 2018, Breier-Scheetz still had not complied with the injunction by changing its occupancy policy.