Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| FAIR HOUSING CENTER OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>BREIER-SCHEETZ PROPERTIES, LLC, a Washington corporation; and FREDERICK BREIER-SCHEETZ, an individual,<br><br>Defendants. | No. C16-922-TSZ<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS PETITIONS FOR CIVIL CONTEMPT** |

By Minute Order dated December 17, 2018 (Dkt. # 99), this Court lifted the stay previously imposed on Plaintiff's Petition for an Order to Show Cause and gave the Defendants leave to file a supplemental response to Plaintiff's Second Petition for an Order to Show Cause. The Defendants have not filed a supplemental response. The facts alleged in Plaintiff's First and Second Petitions for an Order to Show Cause remain unrefuted.

**Plaintiff's Reply**

Plaintiff continues to seek a civil remedy of actual and punitive damages, as authorized by the Fair Housing Act, for the Defendants' year-long intentional violation of this Court's injunction and for their continued reckless disregard for the rights of the Plaintiff and of families with children.[1] During this time, the Defendants continued to violate the Fair Housing Act by

---

[1] In light of Defendants' purported removal of their occupancy restriction on their smaller studio apartments at the Granada, Plaintiff no longer seeks coercive incarceration to force the policy change.

PLAINTIFF'S REPLY IN SUPPORT OF PETITIONS FOR CONTEMPT
No. 2:16-cv-00922-TSZ - 1

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

10017.04 ma031101

prohibiting families with children from occupying studio units at the Granada Apartments.  The statutory remedies available under the Fair Housing Act are recoverable under these two civil contempt proceedings.  *S. Suburban Hous. Ctr. v. Berry*, 186 F.3d 851, 854 (7th Cir. 1999).[2]  It should not be necessary for the Plaintiff to be forced to file a separate action and re-litigate the very issues that this Court resolved in its favor in the instant case.

These Defendants continued to violate this Court's Orders even after the first Petition for Contempt was filed and after this Court had made it clear to Defendants that their failure to modify their one-person for efficiency units policy violated the Court's injunction.  Counsel for Defendants admitted to the Ninth Circuit Court of Appeals that Defendants had never changed their illegal policy.[3]  This, after a $100,000 punitive damage award had been entered against Defendants by the trial court and after the first Contempt of Court Petition seeking $1,000,000 in punitive damages had been filed.

The remedy that Plaintiff seeks, a monetary award of $5,000,000, is both remedial and coercive.  The Court in *Hicks on Behalf of Feiock v. Feiock*, 485 U.S. 624, 635, 108 S.Ct. 1423, 1431, 99 L.Ed. 2d 721 (1988), reasoned that "In contempt cases, both civil and criminal relief have aspects that can be seen as either remedial or punitive or both: when a court imposes fines and punishments on a contemnor, it is not only vindicating its legal authority to enter the initial court order, but it also is seeking to give effect to the law's purpose of modifying the contemnor's behavior to conform to the terms required in the order."

The remedy sought by the Plaintiff is designed to effectuate the statutory scheme of the

---

[2] *South Suburban Housing Center v. Berry,* 86 F.3d 851, 854 (7th Cir. 1999), was a civil contempt proceeding against a realtor who continued to discriminate in violation of a Consent Decree that contained injunctive relief that prohibited continued violations of the Fair Housing Act.  The District Court had granted additional actual damages but denied additional attorney's fees because of the defendant's alleged penury.  Punitive damages were not at issue in the contempt, presumably because of the financial condition of the defendant.  This is not a factor here where the Defendants own real estate assets valued in excess of $100,000,000.00.

[3] *Fair Hous. Ctr. of Washington v. Breier-Scheetz Properties, LLC*, 743 F. App'x 116, 118 n.2 (9th Cir. 2018) ("The district court also entered an injunction on October 6, 2017, ordering Breier-Scheetz to change its occupancy policy.  Though not relevant to our review of the district court's award of punitive damages, as of the date of oral argument on October 10, 2018, Breier-Scheetz still had not complied with the injunction by changing its occupancy policy.").

PLAINTIFF'S REPLY IN SUPPORT OF PETITIONS FOR CONTEMPT
No. 2:16-cv-00922-TSZ - 2

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10017.04 ma031101

Fair Housing Act.  The fact that the Defendants have now agreed to alter their occupancy policy with regard to the efficiency apartments at the Granada will likely have little, if any, effect on their willingness to comply with the FHA with regard to their other units or other properties in the absence of an effective monetary remedy.  Why should they if they can violate the law, then ignore the Court's injunction, and only after losing on appeal do they finally conform their conduct to the law with no other consequences?

It would undermine the force of the Court's injunction and authority to decline to award statutorily authorized remedies, such as actual and punitive damages, for Defendants' deliberate year-long violation of the Fair Housing Act in the face of the injunction.  The Court of Appeals affirmed this Court's ruling that engaging in discrimination in the face of a perceived risk that his or her actions will violate federal law constitutes reckless indifference justifying the imposition of punitive damages.  The fact that Breier-Scheetz did not change its occupancy policy in the four months between the District Court's finding that they were violating the Fair Housing Act and the bench trial on damages was held sufficient to justify the $100,000 punitive damage award.  *Fair Housing Center of Washin*gton, 743 F. App'x at 118.  That award did nothing to change the Defendants' conduct, perhaps because it constitutes only one-tenth of one percent (.1%) of the value of their holdings.  Defendants' conduct makes plain that it will take a much more substantial award to insure future compliance with the law.[4]

DATED this 4th day of January 2019.

MacDONALD HOAGUE & BAYLESS

By: */s/ Jeffrey L. Taren*
Jesse Wing, WSBA #27751
JesseW@MHB.com
Jeffrey L. Taren, WSBA #50275
JeffreyT@mhb.com
705 Second Avenue, 15th Floor
Seattle, Washington 98104
Phone:  (206) 622-1604 | Fax:  (206) 343-3961
*Attorneys for Plaintiff*

---

[4] This Court may always determine that the Defendants' willful violation of its Order rises to the level of criminal contempt and initiate criminal contempt proceedings.

PLAINTIFF'S REPLY IN SUPPORT OF PETITIONS FOR CONTEMPT
No. 2:16-cv-00922-TSZ - 3

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10017.04 ma031101

## CERTIFICATE OF SERVICE

I certify that on the date noted below I electronically filed this document entitled *Plaintiff's Reply In Support of Its Petitions for Contempt* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant:

George T. Hunter:  gthunter7700@gmail.com

Dated:  January 4, 2019

*/s/ Jeffrey L. Taren*
Jeffrey L. Taren, WSBA #50275

PLAINTIFF'S REPLY IN SUPPORT OF PETITIONS FOR CONTEMPT
No. 2:16-cv-00922-TSZ - 4

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10017.04 ma031101