UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAIR HOUSING CENTER OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>BREIER-SCHEETZ PROPERTIES, LLC, a Washington corporation; and FREDERICK BREIER-SCHEETZ, an individual,<br><br>Defendants. | C16-922 TSZ<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW |

THIS MATTER comes before the Court on Plaintiff Fair Housing Center of Washington's First and Second Petitions for Order to Show Cause Why Defendants Should Not Be Held in Civil Contempt, docket nos. 76 & 93. Having reviewed all papers filed in support of, and in opposition to, the motions, and having conducted a hearing on February 14, 2019, the Court enters the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

1. By Order dated May 12, 2017, this Court granted summary judgment in favor of the Plaintiff in this housing discrimination case and held that, "Defendants' one-person-per studio occupancy restriction at the Granada has a disparate impact on families with children in violation of the Fair Housing Act, Washington Law Against Discrimination, and Seattle Municipal Code." May 12, 2017, Order, docket no. 42, at 11.

2. The Court also awarded Plaintiff $100,000.00 in punitive damages against Defendants after finding that the Defendants exhibited a "level of recklessness or callous indifference to the fair housing rights of others, and that punitive damages are necessary to deter future conduct." Findings of Fact and Conclusions of Law, docket no. 60, at 7-8.

3. On June 2, 2017, Plaintiff filed a Supplemental Brief in Support of Injunctive Relief, with attached exhibits, seeking entry of a permanent injunction prohibiting the continuance of the discriminatory one-person-per studio apartment occupancy policy. *See* Supplemental Brief, docket no. 43.

4. On October 5, 2017, after a limited trial on damages, this Court awarded the Plaintiff $27,302 in actual damages against the Defendants related to its diversion of resources. Findings of Fact and Conclusions of Law, docket no. 60, ¶ 12. The Court also found that

> Defendants' stated justifications for their occupancy restriction were insufficient. They maintained their illegitimate occupancy restriction excluding families with children after FHCW filed its complaint, after SOCR issued its findings of discrimination, after FHCW filed this lawsuit, and after FHCW's expert submitted an unchallenged expert declaration showing the adverse impact on families with children. On the basis of this evidence, the Court awards punitive damages against Defendant Breier-Scheetz Properties

1  LLC's and Frederick Breier-Scheetz in the total amount of $100,000. The Court concludes that these punitive damages are 'both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered.' *State Farm Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003).

*Id.* ¶ 11.

5. On October 6, 2017, this Court entered judgment, including injunctive relief, ordering the following: "Defendants are forever permanently enjoined from enforcing any occupancy restriction which violates the Fair Housing Act, the Washington Law Against Discrimination, RCW 49.60.222(1), or the Seattle Open Housing Ordinance, Seattle Municipal Code 14.08." Judgment, docket no. 61. The Court further ordered the Defendants to cooperate in good faith with FHCW to, among other items, set up one three-hour fair housing training session annually for three years and prepare or review/modify Breier-Scheetz Properties' policies on fair housing. *Id.* The Court subsequently awarded Plaintiff attorney's fees in the amount of $184,741. Supplemental Judgment, docket no. 74.

6. On April 24, 2018, Plaintiff FHCW performed tests at Grenada Apartments to determine whether the Defendants had changed their discriminatory one-person occupancy policy at their studio apartments. *See* Declaration of Carolyn Benbow, docket no. 107, Ex. 1 at 1-2. The building Apartment Manager informed the tester, who said she was inquiring on behalf of herself and her three month old son, that they only rent studios for one person. *Id.* at 2.

7. On May 25, 2018, the Plaintiff filed its First Petition for an Order to Show Cause seeking civil contempt sanctions for Defendants' alleged failure to comply with

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 3

the injunctive relief ordered by the Court.  *See* Petition for Order to Show Cause, docket no. 76.  The Defendants did not contest the factual allegations in the Petition, and argued that the injunction was vague in that "they cannot know whether any 'occupancy restriction' beyond one-person per studio policy, that it might implement, would be judged violative of the law."

8. By Minute Order dated August 29, 2018 (docket no. 91), the Court granted the Petition to Show Cause and denied Defendants' request to stay the injunctive relief portion of the Judgment.  The Court deferred any evidentiary hearing to show cause pending Defendants' appeal to the United States Court of Appeals to the Ninth Circuit.

9. On September 26, 2018, the Plaintiff again tested the Grenada Apartments to determine whether the Defendants had changed their one-person per studio apartment policy.  *See* Benbow Decl., ¶ 8.  The tester, who said she was seeking a studio apartment for herself and her son, was told that studio apartments would not be rented to two people.  *Id.* ¶ 9.  The Apartment Manager told the tester that the owner made the decision not to rent a studio to two people, telling her further that the management has found that when a studio is rented to two people they tend to not stay long.  *Id.*

10. On October 4, 2018, the Plaintiff filed its Second Petition for an Order to Show Cause why the Defendants should not be held in contempt of Court, (docket no. 93).  The Defendants have not contested the factual allegations in Plaintiff's Second Petition.

11. On October 10, 2018, counsel for the Defendants admitted to the Ninth Circuit Court of Appeals that as of that date, the Defendants had not changed their

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 4

occupancy policy at the Grenada Apartments with regard to the studio apartments. *See* Order on Appeal, docket no. 97, at 5 n.2.

12. On October 15, 2018, the Defendants notified the Plaintiff that effective that date, it was changing its occupancy policy at the Grenada to allow more than one person to reside in a studio apartment. *See* Declaration of George Hunter, docket no. 95, ¶ 2.

13. On November 19, 2018, the Court of Appeals affirmed the trial Court's Judgment in favor of the Plaintiff. See Order on Appeal, docket no. 97.

14. The Defendants have not cooperated with the Fair Housing Center of Washington to set up fair housing training as required by the Judgment. *See* Declaration of Julie Nelson, docket no. 108, ¶¶ 3-6. A letter sent by the Plaintiff to Breier-Scheetz Properties was returned unopened. *Id.* Though the letter was resent in care of Defendants' attorney, as of the date of the civil contempt hearing, no one from Brier-Scheetz Properties had contacted the Plaintiff or its counsel to schedule the training. *Id.*

15. The Defendants have never provided the Plaintiff with any documents regarding prospective tenant inquiries or Breier-Scheetz Properties fair housing policies as requested in the letter from the Plaintiff and as required by the Judgment. *Id.* ¶ 10.

16. The Plaintiff has incurred $5,394.32 in diversion of resource damages and $464.01 in out of pocket expenses directly related to the monitoring and enforcement of the injunction entered in this action. *See* Benbow Decl. ¶¶ 12, 14.

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 5

## CONCLUSIONS OF LAW

17. The Plaintiff has proved by clear and convincing evidence that the Defendants have willfully violated the October 6, 2017, injunctive relief Order in this case from its entry up to and including the present date. The Defendants' actions were not based upon any good faith or reasonable interpretation of the Order.

18. The continuation of the one-person per studio apartment policy at the Grenada until October 15, 2018, constituted a violation of the Fair Housing Act, the Washington Law Against Discrimination, RCW 49.60.222(1), and the Seattle Open Housing Ordinance, after this Court had found the policy illegal and had enjoined its continuation.

19. The Court may impose civil contempt sanctions to coerce Defendant into compliance with the Order and Judgment and to compensate Plaintiff for losses sustained. *See Local 28 of Sheet Metal Workers' Int'l Ass'n v. E.E.O.C.*, 478 U.S. 421, 443 (1986).

20. Here, Defendant has largely, but not entirely, complied with the Judgment by belatedly changing the occupancy policy for studio apartments at the Granada complex. Defendant has not, however, presented any evidence that it has cooperated with Plaintiff to set up one three-hour fair housing training session annually for three years and prepare or review/modify Breier-Scheetz Properties' policies on fair housing. To coerce compliance with those provisions, the Court will impose $5,000 in punitive damages.

21. Plaintiff is also entitled to compensation for losses sustained as a result of Defendants' non-compliance. The Court concludes that Plaintiff has not demonstrated that the cost to recruit and train new testers to replace those used in the Grenada tests is a loss sustained as a result of Defendants' non-compliance. The Court concludes that Plaintiff incurred $5,858.33 in losses caused by Defendants' non-compliance. *See* Benbow Decl. ¶¶ 12, 14.

## RELIEF AWARDED

22. Plaintiff Fair Housing Center of Washington is awarded judgment for actual damages against Defendants Frederick Scheetz and Breier-Scheetz Properties in the amount of $5,858.33 for its diversion of resources associated with the civil contempt of court and the further violations of the Fair Housing Act.

23. Plaintiff Fair Housing Center of Washington is awarded additional punitive damages against Defendants Frederick Scheetz and Breier-Scheetz Properties in the amount of $5,000 for Defendants' continued violation of this Court's prior orders and the Judgment in this action. It is intended that this award will further coerce the Defendants into bringing their policies into compliance with the Fair Housing Act. Further violations of this Court's Orders may incur additional penalties.

24. The Defendants shall attend Fair Housing Training on or before July 19, 2019. The training shall take place at the offices of the Fair Housing Center of Washington. The Defendants shall be fined $1,000 per day for each day after July 19, 2019, that they do not attend Fair Housing Training.

25. Plaintiff is awarded its reasonable attorney's fees and costs. Plaintiff's counsel shall meet and confer with Defendants' counsel in an attempt to reach agreement on the amount of fees incurred. If no agreement is reached, Plaintiff may submit a Petition for Attorney's Fees to the Court within fourteen (14) days of entry of this Order. Defendants shall be granted fourteen (14) days thereafter to file any Response to the Petition for Fees. Plaintiff shall be granted seven (7) days thereafter to file a Reply.

26. The Clerk is directed to send a copy of these Findings of Fact and Conclusions of Law to all counsel of record.

IT IS SO ORDERED.

Dated this 6th day of May, 2019.

*Thomas S. Zilly*

Thomas S. Zilly
United States District Judge